## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EIDOS COMMUNICATIONS, LLC, and
MESSAGE ROUTES, LLC

       Plaintiffs,

v.

SKYPE TECHNOLOGIES, SA, and
SKYPE, INCORPORATED,

       Defendants.

Civil Action No. _____

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eidos Communications, LLC ("Eidos Communications") and Plaintiff Message Routes, LLC (Message Routes") (collectively "Plaintiffs") for their Complaint against Defendant Skype Technologies, SA ("Skype SA") and Defendant Skype, Incorporated ("Skype, Inc.") for injunctive and declaratory relief and for damages, including treble or multiple damages, for patent infringement, states and alleges as follows:

### NATURE OF THE ACTION

1.  Plaintiff Eidos Communications is the owner of United States Patent No. 7,221,744 ("the '744 Patent").

2.  Plaintiff Eidos Communications is the owner of United States Patent No. 7,221,745 ("the '745 Patent").

3.  Plaintiff Eidos Communications is the owner of United States Patent No. 7,224,779 ("the '779 Patent").

4.     Plaintiff Message Routes manages the licensing and enforcement program for the '744 Patent, the '745 Patent and the '779 Patent (collectively "the Patents-in-Suit").

5.     Plaintiff Eidos Communications and Plaintiff Message Routes have the right to sue and to recover for infringement of the '744 Patent, the '745 Patent and the '779 Patent (collectively "the Patents-in-Suit"), including the willful infringement of the Patents-in-Suit by Defendant Skype SA and Defendant Skype, Inc.

6.     The technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communication applications such as, and by way of example only, messaging and telephony.

## THE PARTIES

7.     Plaintiff Eidos Communications is a limited liability company incorporated in the State of Delaware, having its principal place of business at 1069 Thomas Jefferson Street, N.W., Washington, D.C. 20007.

8.     Plaintiff Message Routes is a limited liability company incorporated in the State of Delaware, having its principal place of business at 1069 Thomas Jefferson Street, N.W., Washington, D.C. 20007.

9.     Defendant Skype SA is a company organized and existing under the laws of Luxembourg, with an address and principal place of business at 15, rue Notre Dame L-2240, Luxembourg.  Skype SA directs the operation of its communication system products and/or methodologies to and/or in the United States, including Delaware, through the use of its computer systems, as well as computer systems involving third parties and/or Defendant Skype, Inc., knowing that these third parties and/or Defendant Skype, Inc. will use their respective

- 2 -

nationwide contacts as well as their networks, portals and/or servers to directly and/or indirectly allow for the making, use, sale, offer for sale and/or importation of Defendant Skype SA's communication system products and/or methodologies in Delaware and elsewhere in the United States.

10.     Defendant Skype, Inc. is a domestic subsidiary corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2145 Hamilton Avenue, San Jose, California. Defendant Skype, Inc. markets, operates and sells its communication system products and/or methodologies in the United States, through the use of its computer systems, as well as computer systems involving third parties and/or Defendant Skype SA, knowing that these third parties and/or Skype SA will use their respective nationwide contacts as well as their networks, portals and/or servers to directly and/or indirectly allow for the making, use, sale, offer for sale and/or importation of Defendant Skype, Inc.'s communication system products and/or methodologies throughout the United States, including Delaware.

11.     Defendant Skype, SA markets, sells and uses Defendant Skype Inc.'s communication system products and/or methodologies, as well as its own communication system products and/or methodologies throughout the United States.

12.     Defendant Skype, Inc. markets, sells and uses Defendant Skype SA's communication system products and/or methodologies, as well as its own communication system products and/or methodologies throughout the United States.

13.     Defendant  Skype SA is a parent company of Defendant Skype, Inc.

## JURISDICTION AND VENUE

14.     This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular §§ 271, 281, 283, 284 and 285, and is intended to redress infringement of the Patents-in-Suit.

15.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.     Defendant Skype SA and Defendant Skype, Inc. have at the very least minimum contacts with this judicial district such that venue is fair and reasonable, in that Defendant Skype SA and Defendant Skype, Inc. have committed such purposeful acts and/or transactions in this judicial district for which they reasonably knew and expected that they could be hailed into a court as a future consequence of such activity.   Such minimum contacts include having transacted and continuing to transact business in the United States and in this judicial district by: using or causing to be used; making or causing to be made; importing or causing to be imported; offering to sell or causing to be offered for sale; and/or selling or causing to be sold directly and/or indirectly through intermediaries and/or as an intermediary, various communication system products and/or methodologies that infringe the Patents-in-Suit, to customers in the United States, including customers in this judicial district, and Defendant Skype SA and Defendant Skype, Inc. will continue to do so unless enjoined by this Court.

17.     This Court has personal jurisdiction over Defendant Skype SA, and venue is proper in this judicial district, pursuant to at least 28 U.S.C. §§ 1391 (b) and (c) and (d), and 28 U.S.C. § 1400 (b), in that Skype SA is committing and is causing acts of patent infringement to be committed within the United States and within this judicial district, either directly or indirectly, including the infringing acts alleged herein, both directly, through one or more

intermediaries, and as an intermediary, and through Defendant Skype, Inc.'s distribution channels, networks, portals, and/or servers in the United States; and in that Defendant Skype SA has caused and will continue to cause injury and damages in this judicial district by acts or omissions outside of this judicial district, including but not limited to utilization of its own distribution channels, networks, portals, and/or servers established in the United States and via Defendant Skype, Inc.'s distribution channels, networks, portals, and/or servers in the United States, as set forth below, so as to allow the communication system products and/or methodologies that infringe the Patents-in-Suit into the United States and into this judicial district and to be operated and/or used in the United States and in this judicial district, either directly or indirectly, while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

18.     Defendant Skype SA either alone or in conjunction with Defendant Skype, Inc. regularly import, and/or cause to be imported, and/or distribute large quantities of communication system products and/or methodologies into the United States for use, sale, offer for sale and/or distribution throughout the United States, including in this judicial district, to allow its communication system to be used by customers throughout the United States, including in this judicial district. Defendant Skype SA and Defendant Skype, Inc. are involved in the direct and/or indirect distribution of infringing communication system products and/or methodologies and are aware that their communication system products and/or methodologies are sold throughout the United States, including in Delaware. The established distribution networks of Defendant Skype SA and/or Defendant Skype, Inc. consist of various nodes based on networks, portals, and/or servers which Defendant Skype SA, either directly or in conjunction with Defendant Skype, Inc. utilize and/or control to distribute their communication system products

and/or methodologies; or allow the use of their communication system products and/or methodologies throughout the United States, including in Delaware.  By making, causing to be made, using, causing to be used, selling, causing to be sold, offering to sell, causing to be offered for sale, importing and/or causing to be imported communication system products and/or methodologies that infringe the Patents-in-Suit in this judicial district, or by inducing or contributorially causing those acts to occur, Defendant Skype SA and Defendant Skype, Inc. have transacted and transact business and perform works and services in this judicial district, have contracted and contract to supply services and things (such as communication system products and/or methodologies) in this judicial district, have caused and cause injury and damages in this judicial district by acts and omissions in this judicial district, and have caused and cause injury and damages in this judicial district by acts or omissions outside of this judicial district, either directly or indirectly, while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

19.    This Court has personal jurisdiction over Defendant Skype, Inc., and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b), in that Defendant Skype, Inc. is incorporated and therefore resides in Delaware for purposes of establishing venue in this district; and in that Defendant Skype, Inc. has been doing business in Delaware and is committing acts of patent infringement within the United States and within this judicial district, either directly or indirectly, including the infringing acts alleged herein, both directly, through one or more intermediaries, and/or as an intermediary, and will continue to do so unless enjoined by this Court.

## THE PATENTS-IN-SUIT

20.    On May 22, 2007, the '744 Patent, entitled "Telephonic Voice Message Transmission Control Method", was duly and legally issued by the United States Patent and Trademark Office.  Plaintiff Eidos Communications is the owner by assignment of all rights, title, and interest in and to the '744 Patent.  A true and correct copy of the '744 Patent is attached hereto as Exhibit A.

21.    On May 22, 2007, the '745 Patent, entitled "Telephonic Voice Message Transmission Control Method", was duly and legally issued by the United States Patent and Trademark Office.  Plaintiff Eidos Communications is the owner by assignment of all rights, title, and interest in and to the '745 Patent.  A true and correct copy of the '745 Patent is attached hereto as Exhibit B.

22.    On May 29, 2007, the '779 Patent, entitled "Telephonic Voice Message Transmission Control Method", was duly and legally issued by the United States Patent and Trademark Office.  Plaintiff Eidos Communications is the owner by assignment of all rights, title, and interest in and to the '779 Patent.  A true and correct copy of the '779 Patent is attached hereto as Exhibit C.

23.    Plaintiff Eidos Communications and Plaintiff Message Routes have the right to sue and to recover for infringement of the Patents-in-Suit by Defendant Skype SA and Defendant Skype, Inc.

24.    Defendant Skype SA and Defendant Skype, Inc. have been and are infringing and/or inducing infringement and/or are contributing to the infringement of the Patents-in-Suit because they at least use, cause to be used, make, cause to be made, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and/or cause to be sold in this judicial district and

elsewhere in the United States communication system products and/or methodologies that infringe the Patents-in-Suit.

## FACTUAL BACKGROUND

25.     Plaintiff Eidos Communications' and Plaintiff Message Routes' interests in the exploitation of the patented technology in the United States has been and continues to be harmed by Defendant Skype SA's and Defendant Skype, Inc.'s infringement of the Patents-in-Suit.

26.     Defendant Skype SA and Defendant Skype, Inc. at least use, cause to be used, make, cause to be made, import, cause to be imported, offer for sale, cause to be offered for sale, sell, and/or cause to be sold in the United States and in this judicial district communication system products and/or methodologies that are encompassed by the claims recited in the Patents-in-Suit.

27.     Defendant Skype SA and Defendant Skype, Inc. have induced and/or continue to induce the infringement of the Patents-in-Suit in the United States and in this judicial district.

28.     Defendant Skype SA and Defendant Skype, Inc. have contributed to and/or continue to contribute to the infringement of the Patents-in-Suit in the United States and in this judicial district.

29.     Defendant Skype SA and Defendant Skype, Inc. maintain and develop relationships with business partners, including, for example, advertisers, retailers, suppliers and customers, to promote and encourage the importation, making, offering for sale, sale and use of their infringing communication system products and/or methodologies in the United States, and in this judicial district.

30.     Defendant Skype SA and Defendant Skype, Inc. actively sell to and solicit business from customers and/or distributors located in the United States, and in this judicial

district.  Defendant Skype SA and Defendant Skype, Inc. coordinate with these and other third parties concerning the designs, specifications, distribution, operation and use of their communication system products and/or methodologies destined for the U.S. market, including for this judicial district.

31.     Defendant Skype SA and Defendant Skype, Inc. also communicate with third parties to enable, promote and/or encourage the making, use, sale, offering for sale, and/or importation of these same communication system products and/or methodologies in and into the United States, including this judicial district.

32.     Defendant Skype SA and Defendant Skype, Inc. have relationships with third parties to develop and/or supply the U.S. market including this judicial district with such communication systems products and/or methodologies.

33.     Defendant Skype SA and Defendant Skype, Inc. communicate and meet with third parties about their communication system products and/or methodologies and these communications and meetings facilitate the importation, use, making, sale, offer for sale and/or distribution of Defendant Skype SA's and Defendant Skype, Inc.'s communication system products and/or methodologies to customers and users in the United States, including in this judicial district.

## COUNT I
## PATENT INFRINGEMENT OF THE '744 PATENT BY SKYPE SA AND SKYPE, INC.

34.     The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

35.     Defendant Skype SA and Defendant Skype, Inc. have directly and/or indirectly, and are continuing to directly and/or indirectly infringe the '744 Patent by practicing or causing

others to practice (by inducement and/or contributorally) the inventions claimed in the '744 Patent.   For example, Defendant Skype SA and Defendant Skype, Inc. are making, using, offering to sell, selling and/or importing communication system products and/or methodologies as well as contributing to and/or inducing others to be causing to be made, causing to be used, causing to be offered for sale, causing to be sold, and/or causing to be imported communication system products and/or methodologies that infringe one or more claims of the '744 Patent in this judicial district and elsewhere in the United States.

36.     The communication system products and/or methodologies that are made, caused to be made, used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Defendant Skype SA and Defendant Skype, Inc. meet each and every limitation of at least one claim of the '744 Patent, either literally or equivalently.

37.     Plaintiff Eidos Communications and Plaintiff Message Routes have been and will continue to be injured by Defendant Skype SA's and Defendant Skype, Inc.'s past and continuing infringement of the '744 Patent and are without adequate remedy at law.

38.     Defendant Skype SA and Defendant Skype, Inc. have infringed and are infringing the '744 Patent with knowledge of Plaintiff Eidos Communications' and Plaintiff Message Routes' patent rights and without a reasonable basis for believing their conduct is lawful. Defendant Skype SA's and Defendant Skype, Inc.'s infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court; thus making this an exceptional case and entitling Plaintiff Eidos Communications and Plaintiff Message Routes to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II
## PATENT INFRINGEMENT OF THE '745 PATENT BY SKYPE SA AND SKYPE, INC.

39.     The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

40.     Defendant Skype SA and Defendant Skype, Inc. have directly and/or indirectly, and are continuing to directly and/or indirectly infringe the '745 Patent by practicing or causing others to practice (by inducement and/or contributorally) the inventions claimed in the '745 Patent.  For example, Defendant Skype SA and Defendant Skype, Inc. are making, using, offering to sell, selling and/or importing communication system products and/or methodologies as well as contributing to and/or inducing others to be causing to be made, causing to be used, causing to be offered for sale, causing to be sold, and/or causing to be imported communication system products and/or methodologies that infringe one or more claims of the '745 Patent in this judicial district and elsewhere in the United States.

41.     The communication system products and/or methodologies that are made, caused to be made, used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Defendant Skype SA and Defendant Skype, Inc. meet each and every limitation of at least one claim of the '745 Patent, either literally or equivalently.

42.     Plaintiff Eidos Communications and Plaintiff Message Routes have been and will continue to be injured by Defendant Skype SA's and Defendant Skype, Inc.'s past and continuing infringement of the '745 Patent and are without adequate remedy at law.

43.     Defendant Skype SA and Defendant Skype, Inc. have infringed and are infringing the '745 Patent with knowledge of Plaintiff Eidos Communications' and Plaintiff Message

Routes' patent rights and without a reasonable basis for believing their conduct is lawful. Defendant Skype SA's and Defendant Skype, Inc.'s infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court; thus making this an exceptional case and entitling Plaintiff Eidos Communications and Plaintiff Message Routes to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT III
### PATENT INFRINGEMENT OF THE '779 PATENT BY SKYPE SA AND SKYPE, INC.

44.     The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

45.     Defendant Skype SA and Defendant Skype, Inc. have directly and indirectly, and are continuing to directly and indirectly infringe the '779 Patent by practicing or causing others to practice (by inducement and/or contributorally) the inventions claimed in the '779 Patent.  For example, Defendant Skype SA and Defendant Skype, Inc. are making, using, offering to sell, selling and/or importing communication system products and/or methodologies as well as contributing to and/or inducing others to be causing to be made, causing to be used, causing to be offered for sale, causing to be sold, and/or causing to be imported communication system products and/or methodologies that infringe one or more claims of the '779 Patent in this judicial district and elsewhere in the United States.

46.     The communication system products and/or methodologies that are made, caused to be made, used, caused to be used, sold, caused to be sold, offered for sale, caused to be offered for sale, imported, and/or caused to be imported by Defendant Skype SA and Defendant Skype, Inc. meet each and every limitation of at least one claim of the '779 Patent, either literally or equivalently.

- 12 -

47.     Plaintiff Eidos Communications and Plaintiff Message Routes have been and will continue to be injured by Defendant Skype SA's and Defendant Skype, Inc.'s past and continuing infringement of the '779 Patent and are without adequate remedy at law.

48.     Defendant Skype SA and Defendant Skype, Inc. have infringed and are infringing the '779 Patent with knowledge of Plaintiff Eidos Communications' and Plaintiff Message Routes' patent rights and without a reasonable basis for believing their conduct is lawful. Defendant Skype SA's and Defendant Skype, Inc.'s infringement has been and continues to be willful and deliberate, and will continue unless enjoined by this Court; thus making this an exceptional case and entitling Plaintiff Eidos Communications and Plaintiff Message Routes to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Eidos Communications and Plaintiff Message Routes pray for judgment as follows:

A.      That Defendant Skype SA and Defendant Skype, Inc. have infringed the Patents-in-Suit;

B.      That Defendant Skype SA's and Defendant Skype, Inc.'s infringement of the Patents-in-Suit has been willful;

C.      That Defendant Skype SA and Defendant Skype, Inc. and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, are enjoined and restrained from continued infringement, including but not limited to making, using, selling, offering for sale and/or importing

- 13 -

communication systems that infringe, and from inducing the infringement and/or contributing to the infringement of the Patents-in-Suit, prior to their expiration, including any extensions;

D.      That Defendant Skype SA and Defendant Skype, Inc. and their parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, deliver to Plaintiff Eidos Communications and Plaintiff Message Routes all systems that infringe the Patents-in-Suit for destruction at Plaintiffs' option;

E.      That Plaintiff Eidos Communications and Plaintiff Message Routes be awarded monetary relief adequate to compensate Plaintiffs for Defendant Skype SA's and Defendant Skype, Inc.'s acts of infringement of the Patents-in-Suit within the United States prior to the expiration of the Patents-in-Suit, including any extensions;

F.      That any monetary relief awarded to Plaintiff Eidos Communications and Plaintiff Message Routes regarding the infringement of the Patents-in-Suit by Defendant Skype SA and Defendant Skype, Inc. be trebled due to the willful nature of Defendant Skype SA's and Defendant Skype, Inc.'s infringement of the Patents-in-Suit;

G.      That any monetary relief awarded to Plaintiff Eidos Communications and Plaintiff Message Routes be awarded with prejudgment interest;

H.      That this is an exceptional case and that Plaintiff Eidos Communications and Plaintiff Message Routes be awarded the attorneys' fees, costs and expenses that they incur prosecuting this action; and

I.      That Plaintiff Eidos Communications and Plaintiff Message Routes be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Eidos Communications and Plaintiff Message Routes demand a trial by jury of any and all issues triable of right by a jury.


BAYARD, P.A.

OF COUNSEL:

/s/ Richard D. Kirk (rk0922)

Gaspare J. Bono
Song K. Jung
Rel S. Ambrozy
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C.  20006
(202) 496-7500

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4208

April 7, 2009

Attorneys for Plaintiff Eidos Communications, LLC and Message Routes, LLC

- 15 -