IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EIDOS COMMUNICATIONS, LLC and )
MESSAGE ROUTES, LLC, )
                                          )
              Plaintiffs, )
                                          )
        v. )        C.A. No. 09-234 (SLR)
                                          )
SKYPE TECHNOLOGIES SA and )
SKYPE, INCORPORATED, )
                                          )
              Defendants. )

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR A
<u>MORE DEFINITE STATEMENT</u>**

Jack B. Blumenfeld (#1014)
Andrew C. Mayo (#5207)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
amayo@mnat.com

*Attorneys for Defendants Skype Technologies,
SA and Skype, Incorporated*

July 31, 2009

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................... ii

I.       NATURE AND STAGE OF THE PROCEEDING .................................................. 1

II.      SUMMARY OF ARGUMENT ............................................................ 1

III.     STATEMENT OF FACTS .............................................................. 2

         A.     Background .......................................................................... 2

         B.     The Allegations Of The Complaint ...................................................... 2

         C.     The Claims Of Infringement ........................................................... 3

IV.      ARGUMENT ................................................................................ 3

         A.     The Legal Standard On A Motion To Dismiss ............................................ 3

         B.     The Complaint Should Be Dismissed For Failure To Identify Any
                Infringing Product Or Method ......................................................... 5

         C.     At A Minimum, Plaintiffs' Should Be Required To Provide A
                More Definite Statement ............................................................. 6

V.       CONCLUSION ............................................................................. 7

TABLE OF AUTHORITIES

Page(s)

CASES

*Agilent Techs., Inc. v. Micromuse, Inc.*,
　2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004) ............................................................7

*Ashcroft v. Iqbal*,
　129 S. Ct. 1937 (2009) ...........................................................................................1, 4, 6

*Bay Indus. v. Tru-Arx Mfg.*,
　2006 WL 3469599 (E.D. Wisc. Nov. 29, 2006) ......................................................7

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) .............................................................................................. 1, 3-4, 6

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
　381 F. Supp. 2d 452 (D. Md. 2005) ......................................................................5

*eSoft, Inc. v. Astro Corp.*,
　2006 WL 2164454 (D. Colo. July 31, 2006) .........................................................7

*Fifth Market, Inc. v. CME Group, Inc.*,
　C.A. No. 08-520-GMS (D. Del. May 14, 2009) ..............................................1, 5, 6

*Hewlett-Packard Co. v. Intergraph Corp.*,
　2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ......................................................6

*In re Papst Licensing GmbH Patent Litig.*,
　2001 WL 179926 (E.D. La. Feb. 22, 2001) ...........................................................7

*Ondeo Nalco Co. v. EKA Chems., Inc.*,
　2002 WL 1458853 (D. Del. June 10, 2002)............................................................6

*Ricoh Co., Ltd. v. Asustek Computer, Inc.*,
　481 F.Supp. 2d 954 (W.D. Wis. 2007) ..................................................................5

*Static Control Components, Inc. v. Future Graphics, LLC*,
　2008 WL 160827 (M.D.N.C. Jan. 15, 2008) .........................................................7

*Swingless Golf Club Corp. v. Taylor*,
　2009 WL 2031768 (N.D. Cal. July 7, 2009)...........................................................4

*Taurus IP, LLC v. Ford Motor Co.*,
　539 F. Supp. 2d 1122 (W.D. Wis. 2008) ...............................................................5

*Thomas v. Independence Township*,
　　463 F.3d 285 (3d Cir. 2006)..............................................................................6

*View Eng'g. Inc. v. Robotic Vision Sys., Inc.*,
　　208 F.3d 981 (Fed. Cir. 2000)...........................................................................5

**RULES AND STATUTES**

Federal Rule of Civil Procedure 8(a) ...................................................................... 1, 4-5

Federal Rule of Civil Procedure 12(b)(6) ................................................................1, 7

Federal Rule of Civil Procedure 12(e) ................................................................. 2, 6-7

I.      NATURE AND STAGE OF THE PROCEEDING

On April 7, 2009, Eidos Communications, LLC and Message Routes, LLC (collectively, "Plaintiffs") brought this action against Skype Technologies, SA and Skype, Incorporated (collectively, "Skype") for alleged infringement of U.S. Patent Nos. 7,221,744, 7,221,745, and 7,224,779 (the "Patents-in-Suit").   On May 22, 2009, the parties stipulated to extend the time for Skype to respond to the Complaint until July 31, 2009.   (D.I. 8.)   Skype hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.   This is Skype's opening brief in support of that motion.

II.     SUMMARY OF ARGUMENT

Plaintiffs' Complaint fails to satisfy the pleading standards under Fed. R. Civ. P. 8(a), as articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).   Under Rule 8(a), a complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief."   *Bell Atl. Corp.*, 550 U.S. at 556 n.3.   Such a showing "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).   This standard applies equally to complaints alleging patent infringement.   *See Fifth Market, Inc. v. CME Group, Inc.*, C.A. No. 08-520-GMS, pp. 1-2 (D.Del. May 14, 2009) (Ex. A).

Plaintiffs' Complaint fails to meet these standards because it merely alleges that Skype's "communication system products and/or methodologies" infringe the Patents-in-Suit without ever saying which "products and/or methodologies" are alleged to infringe. Accordingly, pursuant to Rule 12(b)(6), this Court should dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

Should the Court deny Skype's motion to dismiss, it should require Plaintiffs to provide a more definite statement of their claims pursuant to Rule 12(e).  Presently, Plaintiffs' Complaint does nothing more than allege the existence of three patents and then claim that Skype has infringed them.  Plaintiffs' failure to identify which of Skype's "communication system products and/or methodologies" are alleged to infringe renders Plaintiffs' Complaint "so vague and ambiguous" that Skype cannot reasonably respond.  *See* Fed. R. Civ. P. 12(e).

III.    <u>STATEMENT OF FACTS</u>

A.    Background

Skype is an Internet communications pioneer.  Skype's software, which has been downloaded by hundreds of millions of computer users worldwide, allows users to route calls over the Internet using a technology called "Voice over Internet Protocol," or VoIP for short. Skype's software also provides voicemail, call forwarding, and video communication features. *See generally* http://www.skype.com.

B.    The Allegations Of The Complaint

Plaintiff Eidos Communications, LLC alleges that it owns the Patents-in-Suit. (D.I. 1 ¶¶ 1-3, 20-22.)  Plaintiff Message Routes, LLC alleges that it manages the licensing and enforcement program for the Patents-in-Suit.  (D.I. 1 ¶ 4.)  Their Complaint alleges that "[t]he technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communication applications such as, and by way of example only, messaging and telephony." (D.I. 1 ¶ 6.)

The Complaint then alleges that Skype operates "communication system products and/or methodologies" through the use of its computer systems and those of third parties. (D.I. 1 ¶¶ 9-10.)  It also refers to Skype's "various communication systems products and/or

methodologies that infringe the Patents-in-Suit" and the "large quantities of communication system products and/or methodologies" that Skype distributes.  (D.I. 1 ¶¶ 16, 18.)  Although the Complaint refers to Skype's "communication system products and/or methodologies" more than thirty times, it never says what any of those various "products," or for that matter the various "methodologies" that supposedly infringe the patents, are.  Skype's counsel has asked Plaintiffs' counsel to identify the allegedly infringing products or methods, but Plaintiffs' counsel has not responded.

      C.      The Claims Of Infringement

      Plaintiffs have asserted infringement of three patents in three Counts.  Thus, paragraphs 34-38, 39-43, and 44-48 are identical but for the substitution of the asserted patent number.  *See* D.I. 1 ¶¶ 34-38, 39-43, and 44-48.  In each of the three Counts of the Complaint, Plaintiffs allege generally that "Defendant Skype SA and Defendant Skype, Inc. are making, using, offering to sell, selling and/or importing communication system products and/or methodologies . . . that infringe one or more claims of the [Patents-in-Suit]."  (D.I. 1 ¶¶ 35, 40, and 45.)  Nowhere in those Counts, however, do Plaintiffs say what Skype "communication system products and/or methodologies" are alleged to infringe the asserted patents.

      Skype does not know which of its "products and/or methodologies" allegedly infringe the Patents-in-Suit and Plaintiffs have declined to provide that information.  That makes it an unrealistic task for Skype to analyze the claims, prepare defenses, or answer the Complaint.

IV.      <u>ARGUMENT</u>

      A.      The Legal Standard On A Motion To Dismiss

      In *Bell Atl. Corp.*, the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at

555. Similarly, the Supreme Court explained that Rule 8 "***requires a 'showing***,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556 n.3 (emphasis added). In *Ashcroft*, the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). The Court went on to state that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Moreover, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Indeed, the sheer possibility that a defendant has acted unlawfully is not enough. *Id.* Under these circumstances, a "complaint has alleged -- but has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Further, the Court in *Ashcroft* explained that although material allegations in the complaint must be accepted as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" if the conclusion cannot reasonably be drawn from the facts alleged. *Id.* "[R]ather, courts must examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Swingless Golf Club Corp. v. Taylor*, 2009 WL 2031768, *2 (N.D. Cal. July 7, 2009). As set forth below, Plaintiffs' Complaint fails to meet the standards set forth in these recent Supreme Court opinions.

B.      The Complaint Should Be Dismissed For Failure To Identify Any
        Infringing Product Or Method

Prior to suing for patent infringement, a plaintiff must "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g. Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). As a result, "[i]f challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged infringer exactly why it believed ***before*** filing suit that it had a reasonable chance of proving infringement." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 457 (D. Md. 2005) (citing *View Eng'g.*, 208 F.3d at 986) (emphasis added). Accordingly, there is no excuse for Plaintiffs' failure to identify the allegedly infringing "products and/or methodolgies" in the Complaint.

Moreover, "to meet even the broad Rule 8 notice requirements" Plaintiffs "must do more than give clues" as to the scope of its claim. *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008). Specifically, "[i]n the context of alleged patent infringement, [notice] means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent. Failing to identify the infringing product in a patent case is akin to failing to identify the retaliatory action in a civil rights case." *Id.* (citing *Ricoh Co., Ltd. v. Asustek Computer, Inc.*, 481 F.Supp. 2d 954, 959 (W.D. Wis. 2007)).

In *Fifth Market, Inc.*, C.A. No. 08-520-GMS (Ex. A), Chief Judge Sleet granted a motion to dismiss a patent infringement complaint for failure to allege an infringing product. He noted that none of the claims in the complaint "contain any reference to a single infringing product or method. . . . Therefore, [the] complaint fails to provide the . . . defendants with fair notice of the claims and grounds for entitlement to relief, and the court will grant the . . . motion

to dismiss." *Id.* at p. 2.   Similarly, where a counterclaim identified allegedly infringing products as "'products, . . . that are used in paper-making processes . . .' or 'to make paper'" this Court has held that such allegations were "too vague to provide . . . notice of which products are accused of infringing defendant's patents." *Ondeo Nalco Co. v. EKA Chems., Inc.*, 2002 WL 1458853, *1 (D. Del. June 10, 2002).   Further, in *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003), defendant's motion to dismiss was granted where the complaint only provided a conclusory allegation of "making, using, offering to sell and/or selling infringing software and hardware products" without identifying a specific product. *Id.* at *1.

Plaintiffs' Complaint should be dismissed for the same reason.   The Complaint simply refers to "communication system products and/or methodologies" without ever saying which of Skype's "various products and/or methodologies" are alleged to infringe any of the Patents-in-Suit.   It is a textbook example of a Complaint that asserts "the-defendant-unlawfully-harmed-me" without sufficient factual support. *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).   Accordingly, the failure to identify a single product or method alleged to infringe is fatal to its claims.

C.   At A Minimum, Plaintiffs' Should Be Required To Provide A
     More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading" where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).   "When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific qualified immunity defense." *Thomas v. Independence Township*, 463 F.3d 285, 301 (3d Cir. 2006).   Here, Plaintiffs failed to allege the most basic fact underlying its Complaint – the product

or method alleged to infringe the Patents-in-Suit and have not responded to Skype's request to identify the allegedly infringing "products and/or methods."

Courts have granted motions under Rule 12(e) in patent cases for this very reason. *See e.g.*, *Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004) (motion for more definite statement granted where plaintiff failed to identify any allegedly infringing product); *Bay Indus. v. Tru-Arx Mfg.*, 2006 WL 3469599 (E.D. Wisc. Nov. 29, 2006) (same); *In re Papst Licensing GmbH Patent Litig.*, 2001 WL 179926 (E.D. La. Feb. 22, 2001) (same); and *Static Control Components, Inc. v. Future Graphics, LLC*, 2008 WL 160827 (M.D.N.C. Jan. 15, 2008) (same).   By failing to identify an allegedly infringing product or method in their Complaint, Plaintiffs have impermissibly attempted to "foist the burden of discerning what products it believes infringes the patent onto defense counsel."   *eSoft, Inc. v. Astro Corp.*, 2006 WL 2164454, *2 (D. Colo. July 31, 2006).   Indeed, Plaintiffs' Complaint leaves Skype to guess what products or services allegedly infringe the Patents-in-Suit.   As a result, Skype cannot realistically frame a responsive pleading.   At a minimum, a more definite statement is warranted.

V.   <u>CONCLUSION</u>

Defendants respectfully request that the Court dismiss the Complaint pursuant to Rule 12(b)(6), or, in the alternative, require Plaintiffs to provide a more definite statement pursuant to Rule 12(e).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Andrew C. Mayo*

_____
Jack B. Blumenfeld (#1014)
Andrew C. Mayo (#5207)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
amayo@mnat.com

*Attorneys for Defendants Skype Technologies,
SA and Skype, Incorporated*

July 31, 2009

3049307

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2009, I caused the foregoing to be electronically

filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Richard D. Kirk, Esquire
Stephen B. Brauerman, Esquire
BAYARD, P.A.

I further certify that I caused copies of the foregoing document to be served on

July 31, 2009, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                    *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire                                  *and HAND DELIVERY*
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801

Gaspare J. Bono, Esquire                                    *VIA ELECTRONIC MAIL*
Song K. Jung, Esquire
Rel S. Ambrozy, Esquire
MCKENNA LONG & ALDRIGE LLP
1900 K Street, NW
Washington, DC  20006

*/s/ Andrew C. Mayo*

_____

Andrew C. Mayo (#5207)