IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIDOS COMMUNICATIONS, LLC AND MESSAGE ROUTES, LLC<br><br>Plaintiff,<br><br>v.<br><br>SKYPE TECHNOLOGIES, SA, and SKYPE, INCORPORATED,<br><br>Defendants. | Civil Action No. 09-234 (SLR) |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

August 17, 2009

OF COUNSEL:

Gaspare J. Bono
Shari Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C. 20006
(202) 496-7500

BAYARD, P.A.

Richard D. Kirk
Stephen B. Brauerman
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
Attorneys for Plaintiff Eidos Communications, LLC and Message Routes, LLC

## TABLE OF CONTENTS

**PAGE**

I.   NATURE & STAGE OF THE PROCEEDING ................................................................. 1

II.  SUMMARY OF THE ARGUMENT ............................................................................... 1

III. COUNTER-STATEMENT OF FACTS ........................................................................... 2

IV.  LEGAL STANDARDS .................................................................................................... 4

V.   ARGUMENT .................................................................................................................... 4

    A. DEFENDANTS KNOW WHICH PRODUCTS ARE ALLEGED TO INFRINGE ........................................................................................................... 4

    B. THE COMPLAINT SATISFIES THE LIBERAL NOTICE REQUIREMENTS .............................................................................................. 5

    C. THE MOTION IS NOTHING MORE THAN A DELAY TACTIC ................... 10

VI.  CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Agilent Tech., Inc. v. Micromuse, Inc.,*
  Civ. A. No. 04-3090, 2004 WL 2346152 ................................................................. 8

*Applera Corp. v. Thermo Electron Corp.,*
  Civ. A. No. 04-1230, 2005 WL 524589 ............................................................... 1, 8

*Asip v. Nielson Media Research, Inc.,*
  No. 03 Civ. 5866, 2004 WL 315629, at *2-3 & n.38 ............................................... 7

*Home & Nature, Inc. v. Sherman Specialty Co.,*
  322 F. Supp. 2d 260, 265-66 (E.D.N.Y. 2004) ........................................................ 6

*Houlihan v. Sussex Tech. School Dist.,*
  461 F. Supp. 2d 252, 262 (D. Del. 2006) ................................................................. 4

*Ondeo Nalco Co. v. EKA Chem., Inc.,*
  Civ. A. No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) ............................ 8

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,*
  203 F.3d 790, 794 (Fed. Cir. 2000) .......................................................................... 5

*Symbol Tech., Inc. v. Hand Held Prods., Inc.,*
  Civ. A. No. 03-102, 2003 WL 22750145 ............................................................. 1, 8

**RULES AND STATUTES**

Federal Rule of Civil Procedure 8(a) ............................................................................. 4

Federal Rule of Civil Procedure 12(e) ........................................................................... 4

Federal Rule of Civil Procedure 84 ............................................................................... 6

Plaintiff Eidos Communications, LLC ("Eidos Communications") and Plaintiff Message Routes, LLC ("Message Routes") (collectively "Plaintiffs"), through undersigned counsel, hereby respond to Defendants' Motion To Dismiss The Complaint, Or In The Alternative, For A More Definite Statement ("Motion") filed by Defendants Skype Technologies, SA ("Skype SA") and Skype, Incorporated ("Skype, Inc.") (collectively "Defendants").

## I. NATURE & STAGE OF THE PROCEEDING

On April 7, 2009, Plaintiffs filed this patent infringement action against Defendants. (D.I. 1.) After receiving two lengthy extensions of time to respond to the complaint, on July 31, 2009, Defendants filed the instant motion.

## II. SUMMARY OF THE ARGUMENT

Defendants' motion is premised on the sole fact that the complaint does not identify specific infringing products. However, as demonstrated below, plaintiffs are not required to include infringing products in their complaints. Indeed, the Motion fails to account for (a) the federal notice pleading standards, (b) the presumptive sufficiency of the model patent infringement complaint in the Appendix of Forms for the Federal Rules of Civil Procedure, and (c) the fact that discovery – not a Rule 12 motion – is the proper vehicle for obtaining additional detail regarding a plaintiff's claims.

In addition, Defendants' Motion fails to address important Federal Circuit precedent that governs this issue, and further fails to inform the Court that this argument has already been twice rejected in this District. *See Applera Corp. v. Thermo Electron Corp.*, Civ. A. No. 04-1230, 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (Sleet, D.J.); *Symbol Tech., Inc. v. Hand Held Prods., Inc.*, Civ. A. No. 03-102, 2003 WL 22750145, at *3 (D. Del. Nov. 14, 2003) (Robinson,

1

D.J.). In addition, as described below, the *Fifth Market* case cited by Defendants in the Motion actually supports the proposition that Plaintiffs' complaint is sufficient in its current form.

In addition, the facts set forth in the complaint, particularly when combined with the statements made in Defendants' own Motion and on Defendants' website, reveal that the complaint is not so vague or confusing that it is impossible for Defendants to frame a response. In fact, the complaint clearly defines the infringing product, and the motion should be denied. Plaintiffs should also be awarded attorneys fees in connection with opposing this Motion, because the Motion is nothing more than a delay tactic.

### III.   COUNTER-STATEMENT OF FACTS

On April 7, 2009, Plaintiffs filed this patent infringement action against Defendants asserting that Defendants infringe one or more claims of United States Patent No. 7,221,744 ("the '744 Patent"), United States Patent No. 7,221,745 ("the '745 Patent"), and United States Patent No. 7,224,779 ("the '779 Patent") (collectively "the Patents-in-Suit"). (D.I. 1.) On or about April 29, 2009, at Defendants' request, the parties entered into a stipulation to extend the time for Defendants to answer, move or otherwise plead in response to the complaint until June 1, 2009. On or about May 22, 2009, again at Defendants' request, the parties entered into a second stipulation. That stipulation, which was filed with the Court on May 22, 2009, states that Defendants' deadline for responding to the complaint would be extended to and including July 31, 2009. (D.I. 8.) In exchange for this lengthy extension of the deadline, Defendants agreed not to dispute the sufficiency of process or service of process, not to dispute the choice of venue, and not to contest or challenge personal jurisdiction over them in this action. Even though the majority of Defendants' Rule 12 motions were precluded by the May 22, 2009 stipulation, on July 31, 2009, Defendants filed the instant motion rather than an answer to the complaint.

The complaint filed in this action states that Plaintiff Eidos Communications owns the Patents-in-Suit and that Plaintiff Messages Routes manages the licensing and enforcement program for the Patents-in-Suit. (D.I. 1, ¶¶ 1-5, 23.) The complaint further cites the Patents-in-Suit (*Id.*, ¶¶ 1-3, 20-22), identifies each individual Defendant (*Id.*, ¶¶ 9-10) and alleges that the Defendants are infringing the Patents-in-Suit. (*Id.*, ¶ 24.) The complaint also describes the means by which Defendants infringe the Patents-in-Suit, namely that Defendants: (1) directly infringe the Patents-in-Suit (*Id.*, ¶ 26); (2) induce others to infringe the Patent-in-Suit (*Id.*, ¶ 27); (3) contribute to and/or continue to contribute to the infringement of the Patents-in-Suit (*Id.*, ¶ 28); (4) maintain and develop relationships with business partners, including retailers, suppliers, customers, and others to promote and encourage infringement of the Patents-in-Suit (*Id.*, ¶ 29); (5) actively sell to and solicit business from customers and/or distributors (*Id.*, ¶ 30); (6) coordinate with these and other third parties concerning the designs, specifications, distribution, operation of the infringing products (*Id.*); (7) communicate with third parties to enable, promote and/or encourage the infringement of the Patents-in-Suit (*Id.*, ¶ 31); (8) have relationships with third parties to develop and/or supply the infringement products ((*Id.*, ¶ 32); and (9) communicate and meet with third parties about the infringing parties to facilitate infringement of the Patents-in-Suit. (*Id.*, ¶ 33.)

In addition, the complaint states that "the technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communication applications such as, and by way of example only, messaging and telephony." (*Id.*, ¶ 6.) The complaint further described Defendants' infringing products as its "communication system products and/or methodologies." (*See, e.g., id.*, ¶ 24.) Finally, the

complaint identified the specific sections of the patent law invoked as 35 U.S.C. §§ 284 and 285. (*Id.*, ¶¶ 38, 43, 48.)

## IV. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires only that a complaint contain a "short, plain statement of the claim showing that the pleader is entitled to relief." A party may move for a more definite statement under Federal Rule of Civil Procedure 12(e) only if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." "Rule 12(e) motions are typically disfavored and relief is only granted in the 'rare case' where the complaint is so vague or incomprehensible that the defendant cannot frame a responsive pleading." *Houlihan v. Sussex Tech. School Dist.*, 461 F. Supp. 2d 252, 262 (D. Del. 2006) (Farnan, D.J.) (internal citation omitted) (quoting *Scaedler v. Reading Eagle Publ'ns, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967)).

## V. ARGUMENT

### A. Defendants Know Which Products Are Alleged to Infringe

As described above, the complaint states that "the technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communication applications such as, and by way of example only, messaging and telephony." (D.I. 1, ¶ 6.) In their Motion, Defendants appear to have had no problem understanding this description, and in response, describe in the Motion the Skype products that fall within the described technology. Indeed, Defendants state that "Skype's software . . . allows users to route calls over the Internet using a technology called 'Voice Over Internet Protocol,' or

VoIP for short. Skype's software also provides voicemail, call forwarding, and video communication features. *See generally*, http://www.skype.com." (D.I. 10 at 2.)

A review of Skype's website further reveals that Skype offers only a single software product for download on its website, which works in conjunction with the Internet, to allow Skype's customers to route calls and send messages over the Internet. (Exh. 1.) Indeed, the website shows that Skype does not offer a myriad of different products and model numbers from which its customers can choose. (*Id.*) Rather, Skype apparently only offers one software program for download on the Skype website, and customers download and use that software with their own Internet connection to communicate and send messages over the Internet. As Skype's communication system is clearly understood by Skype, identified on its website, and described in the Motion, there is no ambiguity in the complaint. These facts undermine Defendants' position that Plaintiffs' complaint is so vague and ambiguous that Skype cannot reasonably respond.

### B. The Complaint Satisfies the Liberal Notice Requirements

Defendants contend that the complaint is flawed under Rule 8 because it does not identify specific products accused of infringing the Patents-in-Suit. In fact, under Rule 8, "a patentee need only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Accordingly, in *Phonometrics*, the Federal Circuit made clear that a complaint for patent infringement need only "allege[] ownership of the asserted patent, name[] each individual defendant, cite[] the patent that is allegedly infringed, describe[] the means by which the defendants allegedly infringe, and point[] to the specific sections of the patent law invoked." *Phonometrics*, 203 F.3d at 794. Where such elements are alleged, the "complaint contains enough detail to allow the defendants to answer." *Id.; see generally Home & Nature, Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 265-66

(E.D.N.Y. 2004) (applying *Phonometrics* and denying Rule 12(e) motion where plaintiff "sufficiently plead the five required elements of patent infringement in compliance with Rule 8").

As described above, in its complaint, Plaintiffs alleged that Plaintiff Eidos Communications owns the Patents-in-Suit and that Plaintiff Messages Routes manages the licensing and enforcement program for the Patents-in-Suit. (D.I. 1, ¶¶ 1-5, 23.) The complaint further cites the Patents-in-Suit (*Id.*, ¶¶ 1-3, 20-22), identifies each individual Defendant (*Id.*, ¶¶ 9-10) and alleges that the Defendants are infringing the Patents-in-Suit. (*Id.*, ¶ 24.) The complaint further describes Plaintiffs' alleged infringing products as its "communication system products and/or methodologies that infringe the Patents-in-Suit." (*See, e.g., id.*.) In addition, the complaint describes the means by which Defendants infringe the Patents-in-Suit. (*Id.*, ¶¶ 26-33.) The complaint also describes Plaintiffs' alleged infringing products as its "communications system products and/or methodologies" (*Id.*, ¶ 24.) and identified the specific sections of the patent law invoked as 35 U.S.C. §§284 and 285. (*Id.*, ¶¶ 38, 43, 48.) In light of these assertions, consistent with *Phonometrics*, the complaint at issue in this action contains each of the required allegations. By contrast, the Defendants do not even cite the well-known *Phonometrics* decision.[1]

In addition, Defendants are notably silent with respect to Form 18, which is the form "Complaint for Infringement of a Patent." *See* Fed. R. Civ. P., App. of Forms, Form 18.[2] Here, Defendants do not, and cannot, dispute that the complaint at issue in this action is as detailed as Form 18. On that basis alone, the instant Motion should be denied. Fed. R. Civ. P. 84 ("The

---

[1] Defendants instead rely on *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008), a district court case from outside of this jurisdiction in which the court also failed to address the Federal Circuit's well-known *Phonometrics* decision.

[2] Form 18 was formerly Form 16, a change made following amendments effective December 1, 2007.

- 6 -

forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate"). Indeed, in other actions for patent infringement, courts have found that complaints following the format in Form 18 are sufficient. *See, e.g., Asip v. Nielson Media Research, Inc.*, Civ. A. No. 03 Civ. 5866, 2004 WL 315629, at *2-3 & n.38 (S.D.N.Y. Feb. 18, 2004) (relying on *Phonometrics* and Form 16 in holding complaint to be definite where complaint alleged that defendants infringed with respect to "products which use and/or encompass [the patented technology] with the use of a telephone line for data transmission in the television industries").

Indeed, *Fifth Market Inc.*, C.A. No. 08-520-GMS, relied upon by the Defendants, supports Plaintiffs, not Defendants. (*See* D.I. 10 at 5.) In *Fifth Market*, Chief Judge Sleet endorses Fed. R. Civ. P. 84 and Form 18, and views favorably the sample language in Form 18 that "defendant has infringed . . . the Letters Patent by making, selling, and using <u>electric motors</u> that embody the patented invention." (D.I. 10, Exh. A, ¶ 3.) In the instant case, Plaintiffs similarly stated, by way of example, that Defendants have infringed by "making, using, offering to sell, selling and/or importing <u>communication system products and/or methodologies</u> . . . that infringe one or more claims" of the Patents-in-Suit. (*See, e.g.*, D.I. 1, ¶ 35.) In contrast, in *Fifth Market*, the plaintiff merely stated that defendants infringed by "making, using, selling, and/or offering for sale products and methods covered by the claims." (D.I. 10, Exh. A, ¶ 3.) A comparison shows that the *Fifth Market* complaint failed to include any limiting language that would indicate to the Defendant what products were alleged to infringe. Therefore, the *Fifth Market* decision is distinguishable from Form 18 and from Plaintiffs complaint in this case.

As another case cited by the Defendants recognizes, products need not be identified "where some other limiting parameter has been set forth." *Agilent Tech., Inc. v. Micromuse, Inc.*,

Civ. A. No. 04-3090, 2004 WL 2346152, at *5 (S.D.N.Y. Oct. 19, 2004). The *Agilent Technologies* court viewed limiting parameters as a sufficient alternative to identifying "at least one purportedly infringing product." *Id.*, at *5 (writing that products need not be identified "where some other limiting parameter has been set forth *or* at least one purportedly infringing product has been identified") (emphasis added). This is particularly significant given that the case on which the *Agilent Technologies* court relied for the "limiting parameter" concept is *Symbol Technologies*, 2003 WL 22750145 – a decision of this jurisdiction, discussed above, but one that the Defendants fail to reference.

Defendants further ignore that the precise argument in the Motion has already been twice rejected in this District in decisions that the Defendants do not cite. *See Applera Corp.*, 2005 WL 524589, at *1; *Symbol Tech.*, 2003 WL 22750145, at *3. As *Applera* and *Symbol Technologies* clearly demonstrate, courts have in fact denied Rule 12(e) motions under the facts asserted here, where the plaintiff did *not* specifically identify an infringing product. The Defendants' suggestion to the contrary (*see* D.I. 10, at 5-6), therefore, is plainly incorrect. (Defendants reliance on this Court's decision in *Ondeo Nalco Co. v. EKA Chem., Inc.*, Civ. A. No. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) (Robinson, D.J.), is misplaced, as this Court a year later rejected the same argument in *Symbol Technologies*, discussed above.)

Finally, a review of many other complaints filed in this court reveal that plaintiffs routinely file complaints containing a format similar to the one used in the complaint filed in this action. For example, the complaints in Exhibit 2 describe the products alleged to infringe in those respective complaints as follows:

- *TK Holdings, Inc. v. IEE Sensing Inc.* ("infringing occupant detection system") (No responsive pleading docketed as of yet);

- *Saint-Gobain Glass France v. Pittsburgh Glass Works* ("certain automotive glass products such as windshields, windows, sunroofs and the like") (No responsive pleading docketed as of yet);

- *Masonite Corp. v. Jeld-Wen Inc.* ("wood composite products, including doorskins and/or doors") (Answer filed);

- *Nuance Communications, Inc. v. Vlingo Corp.* ("speech recognition products and services") (No responsive pleading docketed as of yet);

- *Teles AG Informationstechnologien v. Cisco Systems* ("products and services to facilitate transmission of data, such as Voice over Internet Protocol data, over mobile packet switching networks or line switching networks") (Motion to transfer venue denied; answer filed);

- *Arendi Holding Ltd. v. Microsoft Corp.* ("in-document information handling technology, including without limitation, in-document information handling technology provided by Microsoft Office software suite") (Answers filed);

- *JP Morgan Chase Bank, N.A. v. LML Payment Systems Corp.* ("payment products and services, including service . . . that assigns an alias to a credit card account to facilitate purchases of goods and services by customers") (Amended complaint filed with same language; answer filed);

- *Courtesy Products, L.L.C. v. American Tex-Chem Corp.* ("single serving coffee makers") (No responsive pleading docketed as of yet);

- *ITT Manufacturing Enterprises, Inc. v. Cellco Partnership, et al.* ("mobile telephones adapted to operate in an assisted AGPS environment" and related services) (Answers filed).

All of these referenced complaints were filed in this court in 2009 and contain broad descriptions of the alleged infringing products without identifying any specific infringing products. As with these other complaints, something Defendants fail to recognize, discovery – not a Rule 12 motion – is the proper vehicle for obtaining additional detail regarding a plaintiff's claims. Here, the complaint is clear that the products at issue are Defendants' communication system products and/or methodologies that are alleged to infringe the Patents-in-Suit. (*See, e.g.,* D.I. 1, ¶ 24.) Under the precedent described herein, the complaint therefore complies with Fed. R. Civ. P. 8.

### C.     The Motion Appears To Be a Delay Tactic

As described above, it has been more than four months since the complaint in this action was filed. After requesting and receiving a lengthy extension of its deadline to respond to the complaint, Defendants then filed the instant Motion, which is not supported by the law of the Federal Circuit or this district. Plaintiffs reserve the right to request the Court to require Defendants to reimburse Plaintiff's attorneys fees for the preparation of this response to the Motion pursuant to 28 U.S.C. §1927.

## VI.    CONCLUSION

For the reasons stated herein, Plaintiffs respectfully requests that the Court deny the Motion.

August 17, 2009

OF COUNSEL:

Gaspare J. Bono
Shari Klevens
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, D.C.  20006
(202) 496-7500

BAYARD, P.A.

/s/ Stephen B. Brauerman (sb4952)
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 429-4208
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff Eidos Communications, LLC and Message Routes, LLC