IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EIDOS COMMUNICATIONS, LLC and MESSAGE ROUTES, LLC, Plaintiffs, | ) | |
| v. | ) | C.A. No. 09-234 (SLR) |
| SKYPE TECHNOLOGIES SA and SKYPE, INCORPORATED, Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Jack B. Blumenfeld (#1014)
Andrew C. Mayo (#5207)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
amayo@mnat.com

*Attorneys for Defendants Skype Technologies, SA and Skype, Incorporated*

*Of Counsel:*

Matthew D. Powers
Douglas E. Lumish
Sven Raz
Bin Wang
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

August 27, 2009

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

I. PLAINTIFFS' COMPLAINT DOES NOT COMPLY WITH CURRENT PLEADING REQUIREMENTS ........ 3

II. IT IS IMPROPER FOR PLAINTIFFS TO SEEK DISCOVERY TO REVEAL WHAT PRODUCTS ARE ALLEGED TO INFRINGE ........ 4

CONCLUSION ........ 5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ........ 2-3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 2-4

*Courtesy Products, L.L.C. v. American Tex-Chem Corp.*,
C.A. 09-589-GMS (Aug. 10, 2009) ........ 2

*Fifth Market, Inc. v. CME Group, Inc.*,
C.A. No. 08-520-GMS (May 14, 2009) ........ 2-4

*Home & Nature, Inc. v. Sherman Specialty Co.*,
322 F. Supp. 2d 260 (E.D.N.Y. 2004) ........ 3

*ITT Manufacturing Enterprises, Inc. v. Cellco Partnership, et al.*,
C.A. 09-190-JJF (Mar. 23, 2009) ........ 2

*Limestone Dev. Corp. v. Vill. Of Lemont*,
520 F.3d 797 (7th Cir. 2008) ........ 4

*Nuance Communications, Inc. v. Vlingo Corp.*,
C.A. 09-585-JJF (Aug. 7, 2009) ........ 2

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
203 F.3d 790 (Fed. Cir. 2000) ........ 3-4

*Shipley v. Orndoff*,
491 F. Supp. 2d 498 (D. Del. 2007) ........ 5

*Taurus IP, LLC v. Ford Motor Co.*,
539 F. Supp. 2d 1122 (W.D. Wis. 2008) ........ 3-4

**RULES AND STATUTES**

Federal Rule of Civil Procedure 8 ........ 2, 3, 5

Federal Rule of Civil Procedure 12(b)(6) ........ 2, 5

Federal Rule of Civil Procedure 12(e) ........ 2, 5

# INTRODUCTION

The Answering Brief of Plaintiffs Eidos Communications, LLC and Message Routes, LLC (collectively, "Plaintiffs") to the Motion to Dismiss of Defendants Skype Technologies, SA and Skype, Incorporated (collectively, "Skype") confirms that dismissal or, at the very least, a more definite statement is appropriate. Plaintiffs' Complaint simply does not identify any Skype product that allegedly infringes the three patents-in-suit. Moreover, Plaintiffs do not and cannot dispute that prior to filing this motion, Skype's counsel contacted Plaintiffs' counsel asking what "communication system products and/or methodologies" were alleged to infringe, but that Plaintiffs' counsel did not respond to that call. And Plaintiffs have again failed to identify an allegedly infringing product in their Answering Brief, repeating their allegations about "communication systems and/or methodologies" and then stating with no basis that somehow "[Skype] know[s] which products are alleged to infringe" (Ans. Br. at 4), even though Plaintiffs apparently do not.

Plaintiffs' argument that Skype has only a single product (Ans. Br. at 5) is wrong. In fact, as shown on Skype's website, Skype offers multiple software products with multiple features for both consumers and businesses for use on three different computer operating systems and certain cellular phones. Simply referring to "communication systems and/or methodologies" fails to provide reasonable notice to Skype concerning which of these products or product features are at issue. It seems clear that Plaintiffs do not know what they are accusing of infringement, and want to develop an infringement claim through unbounded discovery. This approach contradicts the law and would impose an unreasonable burden on Skype to guess at the scope of this case for the purposes of the preparation of an Answer, discovery and the identification of potential witnesses and document custodians who will be relevant to this action.

This is especially so given that the patents are directed at "Voice Mail Systems," not simply "communication systems and/or methodologies," as alleged in the Complaint.

Plaintiffs' Answering Brief also fails to address the Supreme Court decisions cited in Skype's Opening Brief: *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In addition to articulating heightened pleading standards under Rule 8, *Twombly* also refutes Plaintiffs' improper assertion that discovery – not a Rule 12 motion – is the appropriate course under these circumstances. Plaintiffs' Answering Brief also misconstrues Chief Judge Sleet's recent *Fifth Market* Order, which relies on the Supreme Court authority that Plaintiffs ignore. Indeed, all of the cases Plaintiffs cite for support were decided before *Twombly* and *Iqbal*.

Finally, Plaintiffs cite other complaints filed in this district that were not challenged under Rules 12(b)(6) or 12(e), as though they were persuasive authority, or even relevant. Notwithstanding, a review of those other complaints shows that those plaintiffs did what the Plaintiffs here did not – they identified accused products. For example, in *Courtesy Products, L.L.C. v. American Tex-Chem Corp.*, C.A. 09-589-GMS (Aug. 10, 2009), the plaintiff attached photographs of the allegedly infringing product as an exhibit to the complaint. In *Nuance Communications, Inc. v. Vlingo Corp.*, C.A. 09-585-JJF (Aug. 7, 2009), the plaintiff alleged that defendant infringed three patents related to speech recognition and identified allegedly infringing products as those sold by the defendant to Yahoo! oneSearch. And in *ITT Manufacturing Enterprises, Inc. v. Cellco Partnership, et al.*, C.A. 09-190-JJF (Mar. 23, 2009), the plaintiff alleged that defendants infringed its patents related to assisted GPS technology ("AGPS") in mobile phones and identified allegedly infringing products as both component

AGPS chipsets for mobile phones and mobile phones manufactured and sold by defendants with AGPS functionality.

## I. PLAINTIFFS' COMPLAINT DOES NOT COMPLY WITH CURRENT PLEADING REQUIREMENTS

Plaintiffs' Answering Brief ignores completely two recent Supreme Court cases, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), both of which explained the pleading standards under Fed. R. Civ. P. 8(a). Instead of addressing these cases, Plaintiffs cite earlier cases to support their argument that "plaintiffs are not required to include infringing products in their complaints." (Ans. Br. at 1). Ignoring the later Supreme Court decisions, Plaintiffs instead rely on *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790 (Fed. Cir. 2000), and *Home & Nature, Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260 (E.D.N.Y. 2004), both of which hold marginal value in light of *Twombly* and *Iqbal*. Plaintiffs even disregard the later decision in *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008), which follows *Twombly*, on the basis that it "failed to address the Federal Circuit's well-known *Phonometrics* decision." (Ans. Br. at 6 n. 1). Plaintiffs' analysis fails to recognize current pleading standards articulated in *Twombly* and *Iqbal*.

Moreover, Plaintiffs' analysis of recent case law that relies on *Twombly* - *Fifth Market, Inc. v. CME Group, Inc.*, C.A. No. 08-520-GMS (May 14, 2009) – is wrong. Plaintiffs interpret this Order as supporting authority for their position that it is unnecessary to identify an allegedly infringing product in a complaint. (Ans. Br. at 7). Plaintiffs simply ignore the distinction between the original complaint deemed insufficient, and the amended complaint, held acceptable. As pointed out in Skype's Opening Brief, as here, the original complaint failed to "contain any reference to a single infringing product or method." (Open. Br. at 5). In contrast, the amended complaint plainly identifies underlying products alleged to infringe. First Amended

Complaint at 7, Fifth Market, Inc., C.A. No. 08-520-GMS (Exhibit A). Thus, Plaintiffs' reliance on this case for support is misplaced. Indeed, Chief Judge Sleet's reasoning in *Fifth Market* is consistent with the reasoning in *Ford Motor Co.*, a case that Plaintiffs dismiss for its failure to cite *Phonometrics*. (Ans. Br. at 6 n. 1).

Plaintiffs' Complaint fails to meet required pleading standards because it alleges only that unidentified "communication system products and/or methodologies" infringe the asserted patents, without identifying any such "products and/or methodologies."

## II. IT IS IMPROPER FOR PLAINTIFFS TO SEEK DISCOVERY TO REVEAL WHAT PRODUCTS ARE ALLEGED TO INFRINGE

After asserting with no basis that "the complaint clearly defines the infringing product," (Ans. Br. at 2) Plaintiffs then backtrack and suggest that "discovery – not a Rule 12 motion – is the proper vehicle" for unearthing what product is alleged to infringe. (Ans. Br. at 9). In *Twombly,* however, the Supreme Court highlighted the importance of a Rule 12 motion – instead of discovery – under these circumstances. The Court recognized the "potentially enormous expense of discovery" and stated that "[a] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558-559 (internal citation omitted). Moreover, "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Vill. Of Lemont*, 520 F.3d 797, 802-803 (7th Cir. 2008) (citing *Twombly*).

The need for proper notice in this case is particularly important. Skype offers a suite of different technologies including software for computer-to-computer calls, telephone-to-computer calls, text messaging, instant messaging, voice mail, call forwarding and cell phone software. Clearly, not all of this technology is at issue in this action—indeed, only voice mail

would appear to be even in the ballpark[1]—and Skype should not have to incur the needless expense associated with investigating all of these technologies for the purposes of preparing its Answer and defense and meeting its discovery obligations. *See*, *e.g., Shipley v. Orndoff*, 491 F. Supp. 2d 498, 505 (D. Del. 2007) (Under Rule 8, a pleading must "present sufficient facts to allow the opposing party to conduct discovery and prepare a defense."). Plaintiffs should have done more than repeat "communications systems and/or methodologies" over and over. They should have identified the specific technology they allege infringes their patents. They should have been able to provide this information with minimal effort.

Because the Complaint lacks the detail required by Rule 8, it should be dismissed. At the very least, Plaintiffs should be required to serve a more definite statement identifying the specific Skype technology they contend infringes the patents-in-suit.

CONCLUSION

For the reasons stated in Skype's Opening Brief and herein, Skype respectfully requests that the Court dismiss the complaint pursuant to Rule 12(b)(6) or, in the alternative, require Plaintiffs to provide a more definite statement pursuant to Rule 12(e).

[1] The patents-in-suit are all entitled "Telephonic Voice Message Transmission Control Method," the Abstracts and Summaries of the Invention refer to methods of controlling "voice messages," and most of the claims explicitly require "voice messages" or "messages" (emphasis added).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Andrew C. Mayo*
Jack B. Blumenfeld (#1014)
Andrew C. Mayo (#5207)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
amayo@mnat.com

*Attorneys for Defendants Skype Technologies, SA and Skype, Incorporated*

*Of Counsel:*

Matthew D. Powers
Douglas E. Lumish
Sven Raz
Bin Wang
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

August 27, 2009

3095508

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2009, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Richard D. Kirk, Esquire
Stephen B. Brauerman, Esquire
BAYARD, P.A.

I further certify that I caused copies of the foregoing document to be served on August 27, 2009, upon the following in the manner indicated:

Richard D. Kirk, Esquire
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE 19801

*VIA ELECTRONIC MAIL and HAND DELIVERY*

Gaspare J. Bono, Esquire
Song K. Jung, Esquire
Rel S. Ambrozy, Esquire
MCKENNA LONG & ALDRIGE LLP
1900 K Street, NW
Washington, DC 20006

*VIA ELECTRONIC MAIL*

*Andrew C. Mayo*
Andrew C. Mayo (#5207)