IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIDOS COMMUNICATIONS, LLC and MESSAGE ROUTES, LLC, <br><br> Plaintiffs <br><br> v. <br><br> SKYPE TECHNOLOGIES SA and SKYPE, INCORPORATED, <br><br> Defendants. | ) ) ) ) ) ) ) Civ. No. 09-234-SLR ) ) ) ) ) ) |

Richard D. Kirk, Esquire and Stephen B. Brauerman, Esquire of Bayard, P.A., Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: Gaspare J. Bono, Esquire and Shari Klevens, Esquire of McKenna Long & Aldridge LLP, Washington, D.C.

Jack B. Blumenfeld, Esquire and Andrew C. Mayo, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Defendants. Of Counsel: Matthew D. Powers, Esquire, Douglas E. Lumish, Esquire, Sven Raz, Esquire and Bin Wang, Esquire of Weil, Gotshal & Manges LLP, Redwood Shores, California.

**MEMORANDUM OPINION**

Dated: February 24, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Eidos Communications LLC and Message Routes, LLC ("plaintiffs") filed the present patent infringement suit on April 7, 2009 alleging infringement of three of its patents: U.S. Patent Nos. 7,221,744 ("the '744 patent"), 7,221,745 ("the '745 patent"), and 7,224,779 ("the '779 patent"). (D.I. 1) In lieu of an answer, Skype Technologies, SA and Skype, Incorporated ("defendants") filed a motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement. (D.I. 9) That motion is currently before the court. For the reasons that follow, the court grants defendants' motion in part.

## II. BACKGROUND

Plaintiffs Eidos Communications and Massage Routes are Delaware corporations sharing a principal office in Washington, D.C. According to the complaint, defendant Skype SA is a company organized and existing under the laws of the Grand Duchy of Luxembourg. Defendant Skype, Inc., the American subsidiary of Skype SA, is a Delaware corporation having a principal place of business in San Jose, California. (D.I. 1 at ¶¶ 9-10)

The '744, '745 and '779 patents are all part of the same patent family and share an identical specification. The patents are all directed to methods of controlling transmission of telephonic voice messages or information via voice mail systems.

According to the complaint, defendants produce, offer for sale, sell, and/or import "communication system products and/or methodologies that infringe one or more claims" of each of plaintiff's patents. (Id. at ¶¶ 35, 40, 45) Plaintiffs generally assert

that defendants' "communication system products and/or methodologies" meet each and every limitation of at least one claim of each patch. (*Id.* at ¶¶ 36, 41, 46) No specific products or methodologies are named in the complaint. In the background portion of the complaint, plaintiffs provide that "the technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communications applications such as, and by way of example only, messaging and telephony." (*Id.* at ¶ 6)

Plaintiffs generally aver that defendants "contribute to" and, in fact, "encourage," infringement of plaintiff's patents by others. Defendants also "actively sell to and solicit business" for its (unnamed) infringing products and/or methodologies. (*Id.* at ¶¶ 28-33) Defendants are also generally accused of importing infringing "communication system products and/or methodologies." (*Id.* at ¶¶ 29, 36, 41) Counts I-III of the complaint do not specifically contain claims for contributory infringement or inducement of infringement; no sections of 35 U.S.C. § 271 are cited. Plaintiffs specify that they seek enhanced damages for willful infringement pursuant to 35 U.S.C. §§ 284 and 285. (*Id.* at ¶¶ 38, 43, 48)

### III. STANDARD

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (hereinafter, "*Twombly*") (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959.

## IV. DISCUSSION

The Federal Circuit has held that the Federal Rules of Civil Procedure Form 18[1] (2006), setting forth a sample complaint for patent infringement, meets the *Twombly* pleading standard. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). That is, only the following is required: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."[2] *Id.* Form 18 uses for example an

---

[1]Formerly, Form 16.

[2]The court notes that the complaint in *McZeal* contained more product detail: plaintiff identified defendant's "International Walkie Talkie" machine and the "Motorola i930 and line of wireless VoIP products" as infringing devices. 501 F.3d at 1357. The Court noted that plaintiff, a pro se patent litigant, conceded at oral argument that "he

allegation that defendant infringes by "making, selling, and using **electric motors** that embody the patented invention"; no further detail regarding said motors is provided by example.

The complaint at bar does not provide a general product category even analogous to "electric motors." Plaintiffs allege that defendants' "communication system products and/or methodologies" infringe its patents, without settling conclusively on whether they are targeting either a product or a method. Plaintiffs were obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods. The caselaw cited by plaintiffs exemplifies this point. See *Mark IV Indus. Corp. v. Transcore, L.P.*, Civ. No. 09-418-GMS, 2009 WL 4828661 (D. Del. Dec. 2, 2009) (denying motion to dismiss complaint directed to "Encompass® 4, 5, or 6 Readers, Encompass® IAG PnP Reader System, eZGo Anywhere® Standard On-Board Units and all other similar products," and finding that plaintiff did not have to plead specific claims of the patent allegedly infringed or describe how the allegedly infringing products work); see also *Applera Corp. v. Thermo Electron Corp.*, Civ. No. 04-1230-GMS, 2005 WL 524589 (D. Del. Feb. 25, 2005) (rejecting challenge to a complaint identifying "mass spectrometer systems" as the accused products) (pre-*Twombly*).

In *Fifth Market, Inc. v. CME Group, Inc.*, Civ. No. 08-520-GMS (D. Del.),[3] Chief

---

didn't know what device, what mechanism or what means Nextel uses to transmit and connect its telephone customers to the rest of the world," and that plaintiff was able to glean the foregoing from public statements and advertisements. *McZeal*, 501 F.3d at 1357-58.

[3]Civ. No. 08-520-GMS, D.I. 24, of record in this case at D.I. 10, Ex. A.

4

Judge Sleet found an allegation of infringement directed to "making, using, selling, and/or offering for sale products and methods covered by the claims of" the asserted patents unsatisfactory. In *Fifth Market*, the sole reference to a product – the "Globex® platform" – appeared only in the facts section of the complaint, rendering it unclear to the court "whether Fifth Market aver[red] that this CME product infringes one, both, or neither of the patents in suit." The complaint at bar does not specify a product or method at all. Like *Fifth Market*, the only explanation of the technology at issue is found in the background section. Moreover, that description of defendants' technology is vague. As noted above, plaintiffs state that "the technology at issue **generally** involves a communication system that employs products **and/or** methodologies to allow for the transmission **and/or** control of digitized voice data, as well as to allow for the transmission **and/or** control of message data, in communications applications **such as, and by way of example only**, messaging and telephony." (*Id.* at ¶ 6) (emphasis added) This description does not indicate whether a product or method (or both) are at issue or whether the suit is directed to the transmission of or to the control of either voice or message data. Plaintiffs do not settle on "messaging and telephony" applications as the subject of their suit; nevertheless, these are examples of large technology areas, not genres of products as contemplated by Form 18.[4]

---

[4] In its responsive papers, plaintiffs list a host of other cases in which "broad descriptions of the alleged infringing products without identifying any specific infringing products" sufficed to elicit answers from defendants. (D.I. 11 at 8-9) That particular defendants elected to answer such complaints in other litigations is neither persuasive nor relevant with respect to whether the requirements of Fed. R. Civ. P. 8(a) have been met in this instance. Plaintiffs' argument in this regard also presumes that plaintiffs have themselves identified broad descriptions of infringing products; as discussed above, the court disagrees that this is so.

In plaintiffs' responsive papers, plaintiffs state the following: (1) "Skype offers only a single software product for download on its website;" (2) this software "works in conjunction with the internet to allow Skype's customers to route calls and send messages over the internet;" (3) "Skype's software also provides voicemail, call forwarding, and video communication features;" and (4) Skype does not offer "a myriad of different products." (D.I. 11 at 5, citing http://www.skype.com) Defendants argue that they offer "a suite of different technologies including software for computer-to-computer calls, telephone-to-computer calls, text messaging, instant messaging, voice mail, call forwarding and cell phone software." (D.I. 12 at 4) Defendants acknowledge, as they must, that only voice mail technologies appear to be relevant to the asserted patents. (*Id.* at 4-5)

In *Symbol Technologies, Inc. v. Hand Held Products, Inc.*, Civ. No. 03-102-SLR, 2003 WL 22750145 (D. Del. Nov. 14, 2003), this court denied a motion to dismiss a complaint where the crux of defendant's motion was that plaintiff's complaint was "simply too large" but there were "a finite number of claims and a finite number of infringing products." Therefore, this court determined that discovery was the proper tool to refine the scope of the litigation. *Id.* at *3.

This action is similar both to *Fifth Market* and *Symbol Technologies* in certain respects. On the one hand, plaintiffs have not identified a type of product or software offered by defendants which it alleges infringes its patents; only a vague description appears in the background of the complaint. There are 137 claims between the three asserted patents; 9 are independent claims. On the other hand, it appears as though defendants offer a finite number of technologies involving voice mail systems, although

the precise number (and nature) of such technologies is unclear.[5]

On this record, the court concludes that Rule 8 requires plaintiffs to provide more information. Plaintiffs have not guided the course of discovery in this action by utilizing conditional language throughout their complaint.[6] The complaint at bar does not mimic Form 18, insofar as no category of product (or general identification of a process or method) is identified. It appears from plaintiffs' answering papers that it has at least one particular software system in mind; plaintiffs must amend their pleading to include (at least) this information.

## V. CONCLUSION

Based upon the foregoing, plaintiffs will be required to amend their complaint, or face dismissal of their action.[7] An appropriate order shall issue.

---

[5]Understandably, defendants would not wish to provide information by way of the present motion that should, in their opinion, be obtained either through plaintiffs' independent research or through the discovery process.

[6]There is no indication that the complaint in *Symbol Technologies* contained comparable conditional language to that used in the complaint at bar. 2003 WL 22750145. That complaint is not before the court, and the court has not retrieved it from archives.

[7]The court dismisses plaintiffs' suggestion that they should be awarded attorney fees in connection with their response to defendants' motion to dismiss. (D.I. 11 at 10)