IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIDOS COMMUNICATIONS, LLC and <br> MESSAGE ROUTES, LLC, <br><br> Plaintiffs <br><br> v. <br><br> SKYPE TECHNOLOGIES SA and <br> SKYPE, INCORPORATED, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 09-234-SLR <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

At Wilmington this 9th day of November, 2010, having reviewed defendants' motion to dismiss plaintiffs' amended complaint or, in the alternative, for a more definite statement, and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 20) is denied, for the reasons that follow:

1. **Introduction.** Eidos Communications, LLC and Message Routes, LLC ("plaintiffs") filed the present patent infringement suit on April 7, 2009 alleging infringement of three of its patents: U.S. Patent Nos. 7,221,744 ("the '744 patent"), 7,221,745 ("the '745 patent"), and 7,224,779 ("the '779 patent," collectively "the Eidos patents"). (D.I. 1) In lieu of an answer, defendants filed a motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement. (D.I. 9) On February 20, 2010, the court ruled on defendants' first motion to dismiss, ordering plaintiffs to file an amended complaint. (D.I. 17) Plaintiffs filed an amended complaint pursuant to the court's order. (D.I. 19) Presently before the court is defendants' motion

to dismiss the amended complaint for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement. (D.I. 20) Discovery has not yet commenced. This court has jurisdiction under 28 U.S.C. § 1338(a) and 35 U.S.C. § 101 et seq.

2. **Background.** Plaintiffs Eidos Communications and Message Routes are Delaware corporations sharing a principal office in Washington, D.C. According to the complaint, defendant Skype SA is a company organized and existing under the laws of the Grand Duchy of Luxembourg. Defendant Skype, Inc., the American subsidiary of Skype SA, is a Delaware corporation having a principal place of business in San Jose, California. (D.I. 1 at ¶¶ 9-10)

3. The Eidos patents are all part of the same patent family and share an identical specification. The patents are all directed to methods of controlling transmission of telephonic voice messages or information via voice mail systems. With regard to the original complaint, the court found that plaintiffs failed to guide the course of discovery by utilizing conditional language ("and/or") throughout their complaint and were required to include at least one particular software system. (D.I. 16 at 4, 7)

4. **Standard of Review.** In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

5. "In reviewing a motion to dismiss, '[c]ourts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Collins & Aikman Corp. v. Stockman*, Civ. No. 07-265-SLR-LPS, 2010 WL 184074 at *3 (D. Del. Jan. 19, 2010) (*quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)). "Certain additional materials may also be considered without converting a motion to dismiss into a motion for summary judgment (which generally cannot be ruled upon without providing a plaintiff a reasonable opportunity for discovery)." *Id.* "For instance, 'a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss **if the plaintiff's claims are based on the document.** . . .'" *Id.* (emphasis added) (citations omitted). As the Third Circuit explained:

3

> The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. When a **complaint relies on a document**, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.

*Pension Benefit*, 998 F.2d at 1196-97 (emphasis added). "The facts necessary to establish an affirmative defense must generally come from matters outside of the complaint. Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b)." *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657 (3d Cir. 2003) (citations omitted).

6. **Discussion**. The Federal Circuit has held that the *Twombly* pleading standard is met by the sample complaint for patent infringement set forth by the Federal Rules of Civil Procedure Form 18[1] (2006). *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). That is, only the following is required:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* Form 18 uses, for example, an allegation that defendant infringes by "making, selling, and using **electric motors** that embody the patented invention"; no further detail regarding said motors is provided by example.

7. There is no dispute that the amended complaint meets all but the third requirement as set out above. In their amended complaint, plaintiffs have removed the conditional language, and specified "Skype's Software version 3.8.0.188 and other

---

[1] Formerly, Form 16.

4

versions" as the category of software. (D.I. 19 at 2) Defendants argue that the amended complaint "adds words to the initial complaint to generate a veneer of specificity, but fails to shed any further light on what plaintiffs truly contend to be infringing" and that "the inclusion of the Skype 'Software' and 'Network' in the amended complaint only serves to make less certain what is being accused of infringement in this action, and provides no guidance on the scope of discovery to which Skype will be subjected." (D.I. 21 at 4-5) As the court noted earlier, however, defendants have acknowledged that only voice mail technologies appear to be relevant to the asserted patents. (D.I 16 at 6) Defendants' concerns over the scope of discovery are unfounded; "[m]anagement of discovery is uniquely within the discretion of the [court]." *Orama v. Boyko*, 243 Fed. Appx. 741, 742 (3d. Cir. 2007) (*citing* Fed. R. Civ. P. 16(a)-(b); *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir.1982)).

8. Defendants further argue that the amended complaint attempts to "sweep in all Skype functionalities including contemporaneous, direct telephone communications, as well as messaging having nothing to do with voice messages at all . . . and even 'storage' . . . ." It is clear from the face of the '744 patent, however, that the invention can potentially involve direct telephone communications, non-voice messaging, and storage.[2] Plaintiffs have submitted materials attached to the amended complaint

---

[2]"The sender . . . may be a system visitor . . . who, for example, accesses the system after an unsuccessful direct telephone call to the recipient." ('744 patent at col. 2:29-33) "[T]he selectable voice message transmission instructions can include converting voice messages to electronic mail or facsimile documents and delivering them to a selected electronic mailbox or facsimile device, respectively." (*Id.* at col. 3:4-8) "This inquiry takes place in response to the entry by user A of a destination message address or any sender delivery commands that are stored for delivery to the destination voice message address of user B." (*Id.* at col. 5:11-14)

sufficient to demonstrate that defendants offer voice mail service as part of their software and call management service. (D.I. 19, ex. D) Based on experience in the context of patent infringement, the court finds plaintiffs' amended complaint contains sufficient factual matter, under *Iqbal*, to state a claim to relief that is plausible on its face. While the amended complaint is neither succinct nor representative of artful drafting, the court concludes that plaintiffs have now met the **minimum** requirements under Rule 8.

9. Defendants also argue that "plaintiffs do not properly allege that every step of any accused [voice mail] method is used by anyone within the United States, as they must be, and no such allegation could be properly made." (D.I. 21 at 11) Although Form 18 requires specific allegations as to the situs of infringement, the amended complaint does allege infringement of the Eidos patents by defendants in the United States. (*See, e.g.*, D.I. 19 at ¶¶ 14-16, 20) Moreover, the court finds plaintiffs' allegation that the present action is based upon and arises under 35 U.S.C. § 271 sufficient to allege infringement in the United States. Defendants' assertion that no such allegation could be properly made in this case presumes the court's consideration of an affidavit (D.I. 22, "Ruukel affidavit") that was submitted with defendants' brief in support of the present motion, stating that "Skype [voice mail] server 'farms' are located only in Luxembourg, Ireland and the Netherlands." (D.I. 21 at 14-15; D.I. 22 at ¶ 3) The court concludes that the Ruukel affidavit does not fall within the narrow category of documents considered on a motion to dismiss under Rule 12(b)(6). *See Ricoh Co. v. Oki Data Corp.*, Civ. No. 09-694-SLR, 2010 WL 3908603 (D. Del. Sept. 30, 2010). As

there has been no opportunity for reasonable discovery by either party, the court also declines to consider the Ruukel affidavit under Rule 56.

10. Defendants' submission of the Ruukel affidavit and arguments regarding the scope of infringement demonstrate that plaintiffs' complaint is not "so vague or ambiguous that [defendants] cannot reasonably prepare a response." as required by Rule 12(e). "Relief under Rule 12(e) should be limited to allegations in a complaint which are so ambiguous that a defendant is unable to determine the issues he must meet." *Best Foods, Inc. v. General Mills, Inc.*, 3 F.R.D. 275, 278 (D. Del. 1943); *accord Gonzalez v. City of Bethlehem*, Civ. A. No. 93-1445, 1993 WL 276977 at *6 (E.D. Pa. July 13, 1993) (denying a motion for a more definite statement because the complaint was not so ambiguous as to prevent framing an answer). "[P]arties should resort to the methods provided by Rules 26 to 37 for securing detailed or particular information in regard to claims asserted against them, rather than the more cumbersome procedure under Rule 12(e)." *Slusher v. Jones*, 3 F.R.D. 168, 169 (E.D. Ky. 1943). Therefore, the court denies defendants' motion, in the alternative, for a more definite statement.

11. **Conclusion.** Based upon the foregoing, defendants' motion to dismiss is denied.

_____
United States District Judge