IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIDOS COMMUNICATIONS LLC and<br>MESSAGE ROUTES LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>SKYPE TECHNOLOGIES SA and<br>SKYPE, INCORPORATED,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 09-234 (SLR) (MPT)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' FIRST NOTICE OF DEPOSITION OF
## PLAINTIFF EIDOS COMMUNICATIONS, LLC
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Defendants Skype Technologies, SA and Skype, Incorporated (collectively

"Defendants") will take the deposition of Eidos Communications, LLC ("Eidos") upon oral

examination. The deposition will commence on January 9, 2012, at 9:00 a.m. at Kasowitz,

Benson, Torres & Friedman, LLP, 333 Twin Dolphin Drive, Redwood Shores, California, or

at another time and place agreed to by the parties, and will continue from day to day (excluding

Saturdays, Sundays, and holidays) until completed or adjourned, consistent with the Federal

Rules of Civil Procedure. The deposition will take place before a notary public or other

officer authorized to administer oaths in the respective district, and will be recorded by

videotape and real-time transcription service.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Eidos shall

designate one or more of its officers, directors, managing agents, or other persons who are

most qualified, knowledgeable, and competent to testify on its behalf as to all matters known

or reasonably available to Eidos with respect to each of the Subjects set forth below. Eidos is requested to identify each person so designated and, if the matters within this notice are being split between multiple witnesses, to set forth the matters on which that person will testify at least two business days before the deposition.

## DEFINITIONS

A.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

B.    As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

C.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

D.    As used herein, "referring," "relating," or "related" to any given subject shall mean, without limitation, identifying, describing, discussing, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, referring directly or indirectly to, in any way, the particular subject matter identified.

E.    As used herein, the term "Documents" has the same meaning as the term "document" as used and defined in Rule 34 of the Federal Rules of Civil Procedure and therefore includes, without limitation, electronic data and tangible things such as hard drives, back-up disks, and back-up tapes.

F.    As used herein, "Plaintiffs" means plaintiffs Eidos Communications, LLC and Message Routes, LLC, their predecessors, successors, acquisitions, all past and present parents, subsidiaries, and divisions of any of the foregoing,

and all past and present directors, officers, employees, agents, and representatives (including consultants or attorneys) of any of the foregoing.

G.    As used herein, "Patents-in-Suit" means U.S. Patent Nos. 7,221,744; 7,221,745; and 7,224,779.

H.    As used herein, "Related Patent(s)" means any patent or patent application to which one or more patents-in-suit claims priority, any patent or patent application claiming priority to one or more of the patents-in-suit or the patents or patent applications to which they claim priority, any reexamination certificate(s) issuing from the foregoing, all foreign counterpart patents or patent applications to any of the foregoing, and any other patent or patent application, U.S. or foreign, in the chain of patents and patent applications that includes one or more of the patents-in-suit.

I.    As used herein, "Named Inventor" means Paul Finnigan, the inventor named on the face of each of the Patents-in-Suit.

J.    As used herein, "Eidos" means Eidos Communications LLC, its predecessors and successors, past and present parents, divisions, subsidiaries, affiliates, and related companies, and all past and present directors, officers, employees, agents, consultants, attorneys, and others purporting to act on its behalf.

K.    As used herein, "Message Routes" means Message Routes LLC, its predecessors and successors, past and present parents, divisions, subsidiaries, affiliates, and related companies, and all past and present directors, officers, employees, agents, consultants, attorneys, and others purporting to act on its behalf.

## SUBJECTS

1.      The facts and circumstances relating to the ownership, title, transfer, or assignment of the Patents-in-Suit or any Related Patents, including without limitation any rights presently or formerly held by Eidos, Message Routes, and/or the Named Inventor in the Patents-in-Suit or any Related Patents, and including without limitation the identification and content of all related Documents.

2.      The facts and circumstances relating to any and all communications, contracts, agreements, assignments, or licenses between Plaintiffs and the Named Inventor related to the ownership, title, transfer, or assignment of the Patents-in-Suit or any Related Patents, including the identity and content of all consulting agreements, employment agreements, personal service contracts, and any other related Documents.

3.      The facts and circumstances relating to Eidos's and/or Message Routes's respective interests in the Patents-in-Suit or any Related Patents, including the identity and content of all related Documents.

4.      The facts and circumstances relating to any and all security interests in, or liens against, the Patents-in-Suit or any Related Patents, including the identity and content of all related Documents.

5.      The facts and circumstances relating to any and all payments made, or other consideration provided to, the Named Inventor in exchange for intellectual property rights and/or the ownership, transfer, or assignment of any rights related to the Patents-in-Suit or any Related Patents, including the identity and content of all related Documents.

6.     The identity of all persons, departments, groups or entities who have knowledge about the ownership, title, transfer, or assignment of the Patents-in-Suit or any Related Patents, including the identity and content of all related Documents.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

OF COUNSEL:

Douglas E. Lumish
Jeffrey G. Homrig
Joseph B. Shear
Parker C. Ankrum
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065

December 19, 2011

*Attorneys for Defendants Skype
Technologies, SA and Skype, Incorporated*

4755215.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 19, 2011, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801

Gaspare J. Bono, Esquire                                *VIA ELECTRONIC MAIL*
Song K. Jung, Esquire
Rel S. Ambrozy, Esquire
MCKENNA LONG & ALDRIGE LLP
1900 K Street, NW
Washington, DC  20006

_____
Jack B. Blumenfeld (#1014)