# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

RODGER D. SMITH II
302 351 9205
302 498 6209 FAX
rsmith@mnat.com

February 2, 2012

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

REDACTED - PUBLIC VERSION
FILED FEBRUARY 9, 2012

Re: *Eidos Communications, LLC, et al. v. Skype Technologies, SA, et al.*
C.A. No. 09-234 (SLR) (MPT)

Dear Judge Thynge:

I write on behalf of defendants Skype Technologies SA and Skype, Inc. ("Skype") regarding a dispute that Skype was unable to resolve with plaintiffs, Eidos Communications, LLC and Message Routes, LLC ("Plaintiffs"), after good faith efforts pursuant to Del. L.R. 7.1.1.

Plaintiffs failed to meet the July 2011 deadline for responding to Skype's infringement-contention interrogatories and, despite the Court's admonition in December to provide responses "as soon as possible," still have not provided any information about their infringement theories, let alone the detailed information and claim charts that Skype seeks. Plaintiffs have not even disclosed the theories upon which they relied as a basis to bring this action. Indeed, Plaintiffs have refused to commit to providing detailed responses or claim charts at all, and have refused to commit to a date-certain for providing any information about their theories unless Skype agrees to various conditions. Plaintiffs were obligated to provide this information long ago, and their refusal to do so – almost *three years into the case* and *eight months* after Skype's document production was substantially complete – has prejudiced Skype. Without knowing Plaintiffs' contentions about which products and features infringe and why they allegedly practice the asserted claims, Skype does not have the information it needs to fairly defend itself against these allegations. For example, it did not have sufficient information to identify accurately claim construction disputes in the timeframe set by the scheduling order. As such, Skype respectfully requests that the Court (1) compel Plaintiffs to provide comprehensive and detailed responses to Skype's infringement-contention interrogatories, including claim charts, within two weeks, and (2) continue the deadline for the parties to exchange proposed claim terms and constructions until a reasonable time (e.g., three weeks) after Plaintiffs serve such responses.

A.  **Plaintiffs Have Refused To Disclose Their Infringement Theories**

Skype served interrogatories seeking Plaintiffs' infringement contentions on February 18, 2011. Skype's Interrogatory Nos. 1 and 2 request an identification of the asserted claims and the accused products and features, as well as claim charts disclosing Plaintiffs' infringement theories and alleged supporting evidence on a limitation-by-limitation basis. Ex. A (Skype's First

Interrogatories) at 4. Such disclosures are routine -- indeed, the Court's new Default Guidelines require that patentees disclose this information at the beginning of fact discovery. Ex. B (J. Robinson Dflt. Disc.) at 4. The Scheduling Order in this case required responses to burden-of-proof contention interrogatories to be served no later than July 1, 2011. D.I. 39 at 2. At Skype's request, the parties negotiated a mutual two-week extension. Ex. C (6/24/11 Ankrum Email). Skype served its responses to Plaintiffs' invalidity-contention interrogatories by the agreed July 15 date. But Plaintiffs served nothing. When confronted about their failure to serve responses, Plaintiffs stated for the first time that they did not need to comply with the deadline. Ex. D (Christenson 8/11/11 Email).

On August 31, 2011, Plaintiffs finally served responses, but these responses merely (1) identify the asserted claims, and (2) identify one version of accused software and exemplary features that may be accused, and state that other similar software is also accused.[1] Ex. E (Pltfs. Interrog. Resps) at 6-8. The responses provide no information about Plaintiffs' infringement theories, no support for Plaintiffs' undisclosed theories, and no claim charts. *Id.* Skype promptly began the meet-and-confer process, which lasted for several months. *See, e.g.*, Ex. F (9/9/11 Ankrum Email); Ex. G (11/18/11 Ankrum Email). Because Plaintiffs refused to budge, Skype raised this issue during the November 30 teleconference hearing with the Court. In response, the Court informed Plaintiffs' counsel that:

> You'll be providing information as to what you have for your basis for bringing this suit to begin with as to why you feel Skype infringes your product – infringes your patent, because, as I said, you had to have a basis for doing it, otherwise you've got a Rule 11 violation that you are facing. I think you go through that and get that done as soon as possible... Ex. H (11/30/11 Hearing) at 49:9-15.

Two days later, Skype asked Plaintiffs when they expected to serve their infringement contentions. Ex. I (12/02/11 Shear Email). Eleven days later, Plaintiffs agreed to provide supplemental responses. Ex. J (12/13/11 Christenson Email) ("Although we continue to disagree with Skype's assertions and characterizations concerning Plaintiffs' interrogatory answers, we will supplement Plaintiffs' responses to Interrogatories 1 and 2."). In response to Plaintiffs' email, Skype asked Plaintiffs to (1) commit to a date certain for supplementation, and (2) confirm that those supplements would include a detailed disclosure of Plaintiffs' infringement theories, including claim charts. Ex. K (Ankrum 12/15/11 Email). Plaintiffs refused to confirm. Skype again asked for confirmation or, alternatively, for a definitive date by which Plaintiffs would provide an answer. Ex. L (Shear 12/20/11 Email). Plaintiffs again refused to answer these basic questions. *Id.*; Ex. M (12/23/11 Christenson Email); Ex. N (Shear 12/29/11 Shear Email); Ex. O (1/6/12 Christenson Email).

Finally, on January 20, 2012, Plaintiffs changed course. Plaintiffs would agree to provide supplemental responses (of still uncertain detail) by February 3, but only if Skype agreed to

---

[1] Plaintiffs' response identifies one version of Skype's software but also states that "other versions of Skype's software that operate in the same manner as Version 3.8.0.188 would also infringe." The response further asserts, for example, that "at least messaging (such as voice-based, instant, and SMS/text), infringes one or more claims of the '745 patent," but provides no explanation of why "messaging" allegedly infringes and no evidence supposedly supporting the allegation. Ex. E (Pltfs. Interrog. Resps.) at 8.

(1) extend the discovery schedule by four months, and (2) supplement its responses to invalidity-contention interrogatories. Ex. P (1/20/12 Christenson Letter). Plaintiffs later attempted to justify this position by stating that Plaintiffs' contentions are in "full compliance" and that Skype "incorrectly state[s] that the Court ordered supplemental contentions on November 30, 2011." Ex. Q (1/30/12 Christenson email).

With this hearing rapidly approaching, Plaintiffs' latest email appears to have withdrawn the condition that Skype agree to Plaintiffs' schedule extension. *Id.* To the extent it still exists, Plaintiffs' demand that Skype agree to a lengthy discovery extension in exchange for their agreement to serve infringement contentions that were due six months ago is unreasonable. Plaintiffs must comply with their discovery obligations regardless of Skype's position on the requested extension.

Plaintiffs have further demanded that Skype supplement its invalidity contentions at the same time or even prior to Plaintiffs' service of infringement contentions. Such a demand is exactly backwards and ignores the fact that the parties are in very different positions with respect to their contention-interrogatory responses. On July 11, 2011, Skype served invalidity contentions that identified a substantial array of prior art and other bases for invalidity under 35 U.S.C. §§ 101 (*Bilski*) and 112 (written description, enablement, and indefiniteness) and recently supplemented that response with additional information and invalidity bases. Ex. R (Skype's First. Suppl. Resps.); Ex. S (Skype's Second Suppl. Resps.) at 4-23. Moreover, Skype has long committed to providing claim charts within a reasonable time after receipt of Plaintiffs' infringement contentions. Ex. T (Ankrum 8/19/11 Email); Ex. U (Shear 1/20/12 Email). The positions about claim scope that Plaintiffs rely on to accuse Skype of infringement (e.g., what Plaintiffs allege is a "message" or "control" within the claims) directly affect the grounds for invalidity that will be asserted in this case and the evidence that will be used to support them. A staggered disclosure recognizes this practicality and, not surprisingly, the Court's new Default Guidelines and the Local Rules in numerous districts (e.g., N.D. Cal., E.D. Tex., and N.D. Ill.) require infringement contentions to be disclosed before invalidity contentions.

**B.     Plaintiffs' Refusal To Disclose Their Infringement Theories Prejudices Skype**

Plaintiffs' failure to provide infringement contentions significantly prejudices Skype, as illustrated by the exchange of proposed claim terms and constructions that was to have taken place on January 27. By disclosing how Plaintiffs intend to read their claims onto Skype's products, Plaintiffs' infringement contentions will reveal the claim terms that the parties interpret differently. Because Plaintiffs have not disclosed their theories, Skype does not have sufficient information to accurately identify those disputes. *See, e.g., Lava Trading, Inc. v. Sonic Trading Mgmt.*, 445 F.3d 1348, 1350 (Fed. Cir. 2006) (stating that the court "lacks a proper context for an accurate claim construction" when no "meaningful comparison of the accused products to the asserted claims" had been provided). A new deadline should be set so that Skype has a full and fair opportunity to evaluate Plaintiffs' infringement positions before disclosing proposed terms and constructions.

*   *   *

For all of these reasons, the Court should compel Plaintiffs to serve supplemental responses containing detailed infringement contentions, including claim charts, within the next two weeks. The Court should also re-set the deadline for exchanging proposed terms and constructions to a reasonable time (e.g., three weeks) after Plaintiffs serve such responses.

The Honorable Mary Pat Thynge
February 2, 2012
Page 4

                                                Respectfully,

                                           Rodger D. Smith II

RDS/bac

cc:    All Counsel of Record (by e-mail)