IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EIDOS COMMUNICATIONS LLC and MESSAGE ROUTES LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 09-234 (SLR) |
| SKYPE TECHNOLOGIES SA and SKYPE, INCORPORATED, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that the subpoenas attached as Exhibits A-B will be served on Paul Finnegan and Finnigan USA LLC, respectively.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants Skype Technologies, SA and Skype, Incorporated*

OF COUNSEL:

Douglas E. Lumish
Jeffrey G. Homrig
Joseph B. Shear
Parker C. Ankrum
KASOWITZ BENSON TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
(415) 421-6140

March 8, 2012
5798815

EXHIBIT A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Idaho

| | | |
|---|---|---|
| Eidos Communications, LLC and Message Routes, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   09-234 (SRL) |
| | ) | (District of Delaware) |
| Skype Technologies, SA and Skype, Incorporated | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Paul Finnigan
c/o Robert Greenspoon, Flachsbart & Greenspoon, LLC, 333 N. Michigan Ave., 27th Floor, Chicago, IL 60601

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

| Place:    Kasowitz, Benson, Torres & Friedman LLP<br>333 Twin Dolphin Drive., Suite 200<br>Redwood Shores, CA 94065 | Date and Time:<br>3/21/12 at 9:00A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      3/7/12

|  | CLERK OF COURT | | |
|---|---|---|---|
| | | OR | *Paul B* |
| | Signature of Clerk or Deputy Clerk | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Skype Technologies, SA and Skype, Incorporated                                             , who issues or requests this subpoena, are:

Parker C. Ankrum, Kasowitz, Torres, Benson & Friedman LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065; Tel: (650) 453-5170; Email: panrkum@kasowitz.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.        09-234 (SLR)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*      Paul Finnigan

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*Eidos Comm., LLC et al. v. Skype Tech., S.A. et al.*, Civil Action No. 09-234 (SLR), D. Delaware
Subpoena to Produce Documents to Paul Finnigan

## ATTACHMENT A

Pursuant to the accompanying subpoena, Defendants Skype Technologies S.A. and Skype, Incorporated (collectively "Skype") hereby request that third party Paul Finnigan ("Mr. Finnigan") produce documents and things responsive to the requests for documents and things listed below, at the dates and location specified in the subpoena, unless otherwise agreed to by Skype and Mr. Finnigan.

## DEFINITIONS & INSTRUCTIONS

1.      "Named Inventor," "You," and "Your" as used herein means Paul Finnigan, the sole named inventor for U.S. Patent Nos. 7,221,744; 7,221,745; and 7,224,779, including any companies, entities that are or have been owned or are owned by him, including Finnigan USA LLC.

2.      "Skype" as used herein means Defendants Skype Technologies S.A. and Skype, Incorporated.

3.      "Eidos" as used herein means Eidos Communications LLC and any predecessors or successors to Eidos, any companies, entities or people that own or are owned by all or any portion of Eidos, and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

4.      "Message Routes" as used herein means Message Routes, LLC, and any predecessors or successors to Message Routes, any companies, entities or people that own or are owned by all or any portion of Message Routes, and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

1

5.    "Apogee 2000" as used herein means Apogee 2000, Inc. and any predecessors or successors to Apogee 2000, Inc., any companies, entities or people that own or are owned by all or any portion of Apogee 2000, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Bruce Frydenlund, Mark McIlvane, and Vincent Sedmak.

6.    "Envoy Global" as used herein means Envoy Global, Inc. and any predecessors or successors to Envoy Global, Inc., any companies, entities or people that own or are owned by all or any portion of Envoy Global, Inc., and any owners, employees, or other personnel of any of these entities including without limitation including without limitation Bruce Frydenlund and Mark McIlvane.

7.    "WorldVoice" as used herein means WorldVoice, Inc. and any predecessors or successors to WorldVoice, Inc. (including Apogee 2000, Inc.), any companies, entities or people that own or are owned by all or any portion of WorldVoice, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

8.    "WorldVoice Licensing" as used herein means WorldVoice Licensing, Inc. and any predecessors or successors to WorldVoice Licensing, Inc. (including Apogee 2000, Inc.), any companies, entities or people that own or are owned by all or any portion of WorldVoice Licensing, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

9.    "Eidos Patents-In-Suit" as used herein refers to United States Patent Nos. 7,221,744; 7,221,745; and 7,224,779, including any patents .

10.    "Related Patents" as used herein refers to any patent or patent application in any way related to the Eidos Patents-In-Suit, including but not limited to through a claim of priority or common disclosure or subject matter; any reexamination certificate(s) issuing from, and all patent applications (including Application No. 08/332,102 filed on October 31, 1994) leading to, the foregoing; and all divisional, continuation, or continuation-in-part applications and patents claiming priority to the foregoing, including all foreign counterpart patents or patent applications.

11.    "This Lawsuit" as used herein means *Eidos Communications, LLC and Message Routes, LLC v. Skype Technologies S.A and Skype, Incorporated*, Case No. 09-234 (SLR), United States District Court, District of Delaware.

12.    "Relevant Products and Technologies" as used herein, refers to technologies, products, and/or services developed by Envoy Global, Inc., Apogee 2000, Inc., WorldVoice, Inc., WorldVoice Licensing, Inc., Eidos Communications LLC, and/or Message Routes, LLC relating to message and information filtering and control, spam filtering, message blocking, message forwarding, and other forms of message management and control including without limitation the Apogee 2000 network, systems, technologies, products, and/or services and any systems, technologies, products, and/or services that practice or embody the inventions described in United States Patent Nos. 7,221,744; 7,221,745; and 7,224,779.

13.    "Document" or "documents" is defined broadly to be given the full scope of that term contemplated in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Local Rules. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notions not a part of the original text or photographic reproduction thereof, is a separate document.

3

14.   "Refer to," "referring to," "relate to," and "relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, concerning, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

15.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.   The use of the singular form of any word includes the plural and vice versa.

17.   If any documents and things are withheld under a claim of privilege, please provide a privilege log in compliance with Fed. R Civ. P. 26(b)(5).

## REQUESTS FOR DOCUMENTS AND THINGS

1.   All agreements between You and Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, and/or Message Routes, including all employment agreements, contracts, termination agreements, statements of work, and invoices.

2.   All documents and things relating to the ownership, assignment, or transfer of any right, title, or interest in the Eidos Patents-In-Suit or any Related Patents, including without limitation any related agreements, draft agreements, or correspondence between You or someone acting on Your behalf and Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, and/or Message Routes.

3.   All documents and things describing the features, functionality, and operation of the subject matter disclosed and sought to be claimed in the Eidos Patents-in-Suit

4

and/or incorporated into the Relevant Products and Technologies, including without limitation manuals, user guides, articles, instructions, help files, training materials, presentations, drawings, specifications, white papers, and the like.

4.    All documents and things relating to the publication, public use or public demonstration of any of the Relevant Products and Technologies, including without limitation any presentations, specifications or other documents relating to presentations made, and materials submitted to the Voice Mail Association of Europe, Comverse Technology, Inc., Magellan Communications, Inc., Voicemail International, Vincent Sedmak, Voice Technologies Group, PALM Associates, Inc., Voice Technology Group, and Octel Communications Corp.

5.    All documents and things relating to the sales or offers for sale of any of the Relevant Products and Technologies, including without limitation documents identifying any of the customers of Envoy, Apogee, WorldVoice, WorldVoice Licensing, Eidos, and Message Routes.

6.    All documents and things relating to partnerships and other business relationships related to the design and development of the Relevant Products and Technologies, including without limitation documents relating to any affiliate agreements with service providers in the United States, correspondent agreements with any service providers in Europe and the Pacific Rim, and any documents related to agreements with Comverse Technology, Inc. and Magellan Communications, Inc.

7.    All documents and things relating to the making or use of the Relevant Products and Technologies by Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, Message Routes, or any other party.

5

8.      All documents and things relating to the marketing of any of the Relevant Products and Technologies, including without limitation all advertisements, brochures, trade show materials, presentations, specifications and all other promotional material relating to the Relevant Products and Technologies.

9.      All third party documents and things relating to the any third party message filtering, message blocking, message forwarding, spam filtering, message management, or voicemail system communication technologies, products, or services, including without limitation patents, patent applications, specifications, white papers, trade magazines, industry analyses, evaluations, press releases, articles, and awards.

10.     Samples of the Relevant Products and Technologies including working samples of network technology, software, demonstration systems, prototypes, and executable code.

11.     All documents and things relating to the Eidos Patents-In-Suit and any Related Patents, including without limitation file histories, prior art, and documents and things for that were used in the prosecution of the Eidos Patents-In-Suit and any Related Patents.

# EXHIBIT B

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Idaho

| | | |
|---|---|---|
| Eidos Communications, LLC and Message Routes, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.      09-234 (SRL) |
| | ) | (District of Delaware) |
| Skype Technologies, SA and Skype, Incorporated | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Finnigan USA LLC
c/o Robert Greenspoon, Flachsbart & Greenspoon, LLC, 333 N. Michigan Ave., 27th Floor, Chicago, IL 60601

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

| Place:   Kasowitz, Benson, Torres & Friedman LLP<br>333 Twin Dolphin Drive., Suite 200<br>Redwood Shores, CA 94065 | Date and Time:<br>3/21/12 at 9:00A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:       3/7/12

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Parker* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Skype Technologies, SA and
Skype, Incorporated _____ , who issues or requests this subpoena, are:
Parker C. Ankrum, Kasowitz, Torres, Benson & Friedman LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores,
CA 94065; Tel: (650) 453-5170; Email: panrkum@kasowitz.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.      09-234 (SLR)

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*     Finnigan USA LLC

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*Eidos Comm., LLC et al. v. Skype Tech., S.A. et al.*, Civil Action No. 09-234 (SLR), D. Delaware
Subpoena to Produce Documents to Finnigan USA LLC

## ATTACHMENT A

Pursuant to the accompanying subpoena, Defendants Skype Technologies S.A. and Skype, Incorporated (collectively "Skype") hereby request that third party Finnigan USA LLC ("FUSA") produce documents and things responsive to the requests for documents and things listed below, at the dates and location specified in the subpoena, unless otherwise agreed to by Skype and FUSA.

## DEFINITIONS & INSTRUCTIONS

1.      "Named Inventor" as used herein means Paul Finnigan, the sole named inventor for U.S. Patent Nos. 7,221,744; 7,221,745; and 7,224,779, including any companies, entities that are or have been owned or are owned by him, including Finnigan USA LLC.

2.      "FUSA," "You," and "Your" as used herein means Finnigan USA LLC and any predecessors or successors to FUSA, any companies, entities or people that own or are owned by all or any portion of FUSA, and any owners, employees, or other personnel of any of these entities including without limitation, Paul Finnigan and Suzanne Ely.

3.      "Skype" as used herein means Defendants Skype Technologies S.A. and Skype, Incorporated.

4.      "Eidos" as used herein means Eidos Communications LLC and any predecessors or successors to Eidos, any companies, entities or people that own or are owned by all or any portion of Eidos, and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

5.      "Message Routes" as used herein means Message Routes, LLC, and any predecessors or successors to Message Routes, any companies, entities or people that own or are

1

owned by all or any portion of Message Routes, and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

6.    "Apogee 2000" as used herein means Apogee 2000, Inc. and any predecessors or successors to Apogee 2000, Inc., any companies, entities or people that own or are owned by all or any portion of Apogee 2000, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Bruce Frydenlund, Mark McIlvane, and Vincent Sedmak.

7.    "Envoy Global" as used herein means Envoy Global, Inc. and any predecessors or successors to Envoy Global, Inc., any companies, entities or people that own or are owned by all or any portion of Envoy Global, Inc., and any owners, employees, or other personnel of any of these entities including without limitation including without limitation Bruce Frydenlund and Mark McIlvane.

8.    "WorldVoice" as used herein means WorldVoice, Inc. and any predecessors or successors to WorldVoice, Inc. (including Apogee 2000, Inc.), any companies, entities or people that own or are owned by all or any portion of WorldVoice, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

9.    "WorldVoice Licensing" as used herein means WorldVoice Licensing, Inc. and any predecessors or successors to WorldVoice Licensing, Inc. (including Apogee 2000, Inc.), any companies, entities or people that own or are owned by all or any portion of WorldVoice Licensing, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

10.    "Eidos Patents-In-Suit" as used herein refers to United States Patent Nos. 7,221,744; 7,221,745; and 7,224,779, including any patents .

11.    "Related Patents" as used herein refers to any patent or patent application in any way related to the Eidos Patents-In-Suit, including but not limited to through a claim of priority or common disclosure or subject matter; any reexamination certificate(s) issuing from, and all patent applications (including Application No. 08/332,102 filed on October 31, 1994) leading to, the foregoing; and all divisional, continuation, or continuation-in-part applications and patents claiming priority to the foregoing, including all foreign counterpart patents or patent applications.

12.    "This Lawsuit" as used herein means *Eidos Communications, LLC and Message Routes, LLC v. Skype Technologies S.A and Skype, Incorporated*, Case No. 09-234 (SLR), United States District Court, District of Delaware.

13.    "Relevant Products and Technologies" as used herein, refers to technologies, products, and/or services developed by Envoy Global, Inc., Apogee 2000, Inc., WorldVoice, Inc., WorldVoice Licensing, Inc., Eidos Communications LLC, and/or Message Routes, LLC relating to message and information filtering and control, spam filtering, message blocking, message forwarding, and other forms of message management  and control including without limitation the Apogee 2000 network, systems, technologies, products, and/or services and any systems, technologies, products, and/or services that practice or embody the inventions described in United States Patent Nos. 7,221,744; 7,221,745; and 7,224,779.

14.    "Document" or "documents" is defined broadly to be given the full scope of that term contemplated in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Local Rules. Any document bearing marks, including without

limitation, initials, stamped initials, comments, or notions not a part of the original text or photographic reproduction thereof, is a separate document.

15.    "Refer to," "referring to," "relate to," and "relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, concerning, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

16.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17.    The use of the singular form of any word includes the plural and vice versa.

18.    If any documents and things are withheld under a claim of privilege, please provide a privilege log in compliance with Fed. R Civ. P. 26(b)(5).

## REQUESTS FOR DOCUMENTS AND THINGS

1.    All agreements between FUSA and Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, and/or Message Routes, including all employment agreements, contracts, termination agreements, statements of work, and invoices.

2.    All documents and things relating to the ownership, assignment, or transfer of any right, title, or interest in the Eidos Patents-In-Suit or any Related Patents, including without limitation any related agreements, draft agreements, or correspondence between FUSA and Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, and/or Message Routes.

4

3.      All documents and things describing the features, functionality, and operation of the subject matter disclosed and sought to be claimed in the Eidos Patents-in-Suit and/or incorporated into the Relevant Products and Technologies, including without limitation manuals, user guides, articles, instructions, help files, training materials, presentations, drawings, specifications, white papers, and the like.

4.      All documents and things relating to the publication, public use or public demonstration of any of the Relevant Products and Technologies, including without limitation any presentations, specifications or other documents relating to presentations made, and materials submitted to the Voice Mail Association of Europe, Comverse Technology, Inc., Magellan Communications, Inc., Voicemail International, Vincent Sedmak, Voice Technologies Group, PALM Associates, Inc., Voice Technology Group, and Octel Communications Corp.

5.      All documents and things relating to the sales or offers for sale of any of the Relevant Products and Technologies, including without limitation documents identifying any of the customers of Envoy, Apogee, WorldVoice, WorldVoice Licensing, Eidos, and Message Routes.

6.      All documents and things relating to partnerships and other business relationships related to the design and development of the Relevant Products and Technologies, including without limitation documents relating to any affiliate agreements with service providers in the United States, correspondent agreements with any service providers in Europe and the Pacific Rim, and any documents related to agreements with Comverse Technology, Inc. and Magellan Communications, Inc.

5

7.    All documents and things relating to the making or use of the Relevant Products and Technologies by Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, Message Routes, or any other party.

8.    All documents and things relating to the marketing of any of the Relevant Products and Technologies, including without limitation all advertisements, brochures, trade show materials, presentations, specifications and all other promotional material relating to the Relevant Products and Technologies.

9.    All third party documents and things relating to the any third party message filtering, message blocking, message forwarding, spam filtering, message management, or voicemail system communication technologies, products, or services, including without limitation patents, patent applications, specifications, white papers, trade magazines, industry analyses, evaluations, press releases, articles, and awards.

10.    Samples of the Relevant Products and Technologies including working samples of network technology, software, demonstration systems, prototypes, and executable code.

11.    All documents and things relating to the Eidos Patents-In-Suit and any Related Patents, including without limitation file histories, prior art, and documents and things for that were used in the prosecution of the Eidos Patents-In-Suit and any Related Patents.

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 8, 2012, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                                        *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801

Gaspare J. Bono, Esquire                                                        *VIA ELECTRONIC MAIL*
Song K. Jung, Esquire
Rel S. Ambrozy, Esquire
MCKENNA LONG & ALDRIGE LLP
1900 K Street, NW
Washington, DC  20006

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)