IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EIDOS COMMUNICATIONS LLC and<br>MESSAGE ROUTES LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>SKYPE TECHNOLOGIES SA and<br>SKYPE, INCORPORATED,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 09-234 (SLR)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached as Exhibit 1 will be served on Avaya Inc.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Rodger D. Smith II*

                Jack B. Blumenfeld (#1014)
                Rodger D. Smith II (#3778)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE 19899
                (302) 658-9200
                jblumenfeld@mnat.com
                rsmith@mnat.com

                *Attorneys for Defendants Skype Technologies,*
                *SA and Skype, Incorporated*

OF COUNSEL:

Douglas E. Lumish
Jeffrey G. Homrig
Joseph B. Shear
Parker C. Ankrum
KASOWITZ BENSON TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, CA 94111
(415) 421-6140

March 14, 2012
5808313.1

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Eidos Communications, LLC, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 09-234 (SRL) |
| | ) | |
| Skype Technologies, SA and Skype, Incorporated | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Avaya Inc.
c/o C. T. Corporation System, 818 W. Seventh St., Los Angeles, CA 90017

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kasowitz, Benson, Torres & Friedman LLP, 333 Twin Dolphin Dr., Suite 200, Redwood Shores, CA 94065 | Date and Time: 04/19/2012 9:00 am |
|---|---|

The deposition will be recorded by this method: __stenographically and by sound and visual means__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A (please produce documents on or before 04/06/12)

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 3/13/12

_____  OR  _____
*CLERK OF COURT*                     *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Defendants__ __Skype Technologies, SA and Skype, Incorporated__, who issues or requests this subpoena, are:

Parker C. Ankrum, Kasowitz, Benson, Torres & Friedman LLP, 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065; Tel: 650-453-5170; Email: pankrum@kasowitz.com

Civil Action No. 09-234 (SRL)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*Eidos Comm., LLC et al. v. Skype Tech., S.A. et al.*, Civil Action No. 09-234 (SLR), D. Delaware
Subpoena to Produce Documents and Testify at a Deposition to Avaya Inc.

## ATTACHMENT A

Pursuant to the accompanying subpoena, Defendants Skype Technologies S.A. and Skype, Incorporated (collectively "Skype") hereby request that third party Avaya Inc. provide witnesses competent to testify regarding the topics identified herein, and produce documents and things responsive to the requests for documents and things listed below, at the dates(s) and location(s) specified in the subpoena, unless otherwise agreed to by Skype and Avaya Inc.

## DEFINITIONS & INSTRUCTIONS

1. "Avaya" as used herein means Avaya Inc., and any predecessors (including Octel Communications Corporation) or successors to Avaya Inc. including any companies, entities or people that own or are owned by all or any portion of Avaya Inc., and any owners, employees, or other personnel of any of these entities.

2. "Skype" as used herein means Defendants Skype Technologies S.A. and Skype, Incorporated.

3. "Eidos" as used herein means Eidos Communications LLC and any predecessors or successors to Eidos, any companies, entities or people that own or are owned by all or any portion of Eidos, and any owners, employees, or other personnel of any of these entities.

4. "Message Routes" as used herein means Message Routes, LLC, and any predecessors or successors to Message Routes, any companies, entities or people that own or are

owned by all or any portion of Eidos, and any owners, employees, or other personnel of any of these entities.

5. "Eidos Named Inventor" as used herein means Paul F. Finnigan.

6. "Eidos Patents-In-Suit" means United States Patent Nos. 7,221,744; 7,221,745; and 7,224,779.

7. "This Lawsuit" as used herein means *Eidos Communications, LLC and Message Routes, LLC v. Skype Technologies S.A and Skype, Incorporated*, Case No. 09-234 (SLR), United States District Court, District of Delaware.

8. "Avaya Products and Technologies" as used herein, refers to technologies, products, and/or services developed by Avaya relating to message and information filtering and control, including without limitation the OcteLink systems, technologies, products, and/or services and any systems, technologies, products, and/or services that practice or embody the inventions described in United States Patent No. 5,740,231.

9. "Avaya Patent" means United States Patent No. 5,740,231.

10. "Document" is defined broadly to be given the full scope of that term contemplated in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Local Rules. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notions not a part of the original text or photographic reproduction thereof, is a separate document.

11. "Refer to," "referring to," "relate to," and "relating to" mean constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, concerning, showing, reflecting, dealing with, comprising, consisting of,

containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. The use of the singular form of any word includes the plural and vice versa.

14. If any documents and things are withheld under a claim of privilege, please provide a privilege log in compliance with Fed. R Civ. P. 26(b)(5).

**REQUESTS FOR DOCUMENTS AND THINGS**

1. All documents and things relating to the features, functionality, operation, design, development, architecture, engineering, and testing (including without limitation all related email, drawings, lab notebooks, conception documents, specifications, white papers, source code, source code change logs, and the like) of the Avaya Products and Technologies.

2. Samples of the Avaya Products and Technologies including working samples of software, demonstration systems, prototypes, and executable code from prior to November 1994.

3. All documents and things relating to any final or draft patents or patent applications prepared or filed by Avaya prior to November 1994 relating to the Avaya Products and Technologies, including without limitation file histories, invention disclosures, prior art, and documents and things for that were used in the prosecution of the Avaya Patents and any other final or draft patents or patent applications prepared or filed by Avaya prior to November 1994 relating to the Avaya Products and Technologies.

4. All documents and things relating to the marketing of any of the Avaya Products and Technologies from prior to November 1994, including without limitation all advertisements, brochures, trade show materials, white papers, and all other promotional material relating to the Avaya Products and Technologies.

5. All documents and things relating to the sales, offers for sale, publication, or public use or demonstration of any of the Avaya Products and Technologies, including documents showing when the Avaya Products and Technologies were first sold, offered for sale, or publicly shown or used, documents identifying any of Avaya's customers, and documents showing any public uses or sales or offers to sell to any customers or prospective customers prior to November 1994.

6. All documents and things relating to the making or use of the Avaya Products and Technologies by Avaya or any other party prior to November 1994.

7. All communications relating to the Avaya Products and Technologies including without limitation all manuals, user guides, white papers, articles, instructions, help files, training materials, websites, and demonstrations, from prior to November 1994.

8. All communications to or from customers or other users of the Avaya Products and Technologies concerning the use, features, functions, price, advantages, availability, or other aspects of the design, functionality, use, sale, or distribution of the Avaya Products and Technologies.

9. All third party documents and things relating to the Avaya Products and Technologies, the Avaya Patent and any related patents and patent applications, or any other third party message filtering technologies, products, or services, including without limitation

trade magazines, industry analyses, valuations, evaluations, press releases, articles, and awards, from prior to November 1994.

## DEPOSITION TOPICS

1. All facts and circumstances relating to the identity of any and all Avaya Products and Technologies, including the OcteLink system and technologies.

2. All facts and circumstances relating to the features, functionality, operation, design, development, architecture, engineering, and testing (including without limitation all related email, drawings, lab notebooks, conception documents, specifications, white papers, source code, source code change logs, and the like) of the Avaya Products and Technologies, including the OcteLink system and technologies.

3. All facts and circumstances related to the existence, location, and identity of samples of the Avaya Products and Technologies (including the OcteLink system and technologies), including without limitation working samples of software, demonstration systems, prototypes, and executable code from prior to November 1994.

4. All facts and circumstances relating to the conception, reduction to practice, and any and all subsequent design and development of the inventions described the Avaya Patents and any other final or draft patents or patent applications prepared or filed by Avaya prior to November 1994, including those relating to the Avaya Products and Technologies.

5. All facts and circumstances relating to the marketing of any of the Avaya Products and Technologies from prior to November 1994, including without limitation marketing through advertisements, brochures, trade show materials, white papers, and all other promotional activities relating to the Avaya Products and Technologies.

6. All facts and circumstances relating to the sales, offers for sale, publication, or public use or demonstration of any of the Avaya Products and Technologies, including the facts and circumstances relating to when the Avaya Products and Technologies were first sold, offered for sale, or publicly shown or used; the identity of any of Avaya's customers; and any public uses or sales or offers to sell to any customers or prospective customers prior to November 1994.

7. All facts and circumstances relating to the making or use of the Avaya Products and Technologies by Avaya or any other party prior to November 1994.

8. All communications relating to the Avaya Products and Technologies including without limitation all manuals, user guides, white papers, articles, instructions, help files, training materials, websites, and demonstrations, from prior to November 1994.

9. All communications to or from customers or other users of the Avaya Products and Technologies concerning the use, features, functions, price, advantages, availability, or other aspects of the design, functionality, use, sale, or distribution of the Avaya Products and Technologies.

10. All facts and circumstances relating to third party documents and things relating to the Avaya Products and Technologies, the Avaya Patent and any related patents and patent applications, or any other third party message filtering technologies, products, or services, including without limitation trade magazines, industry analyses, valuations, evaluations, press releases, articles, and awards, from prior to November 1994.

11. All facts and circumstances relating to the search for and production of documents responsive to the Subpoena to Produce Documents in a Civil Action served on Avaya by Skype in conjunction with the above-titled lawsuit.

# CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 14, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Gaspare J. Bono, Esquire<br>Song K. Jung, Esquire<br>Rel S. Ambrozy, Esquire<br>MCKENNA LONG & ALDRIGE LLP<br>1900 K Street, NW<br>Washington, DC 20006 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)