IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EIDOS COMMUNICATIONS LLC and MESSAGE ROUTES LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 09-234 (SLR) (MPT) |
| SKYPE TECHNOLOGIES SA and SKYPE, INCORPORATED, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' SECOND NOTICE OF DEPOSITION
OF PLAINTIFF EIDOS COMMUNICATIONS, LLC
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)</u>**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Skype Technologies, SA and Skype, Incorporated (collectively "Defendants") will take the deposition of Eidos Communications, LLC ("Eidos") upon oral examination. The deposition will commence on April 30, 2012, at 9:00 a.m. at Kasowitz, Benson, Torres & Friedman, LLP, 333 Twin Dolphin Drive, Redwood Shores, California, or at another time and place agreed to by the parties, and will continue from day to day (excluding Saturdays, Sundays, and holidays) until completed or adjourned, consistent with the Federal Rules of Civil Procedure. The deposition will take place before a notary public or other officer authorized to administer oaths in the respective district, and will be recorded by videotape and real-time transcription service.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Eidos shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to Eidos with respect to each of the Subjects set forth below. Eidos is

requested to identify each person so designated and, if the matters within this notice are being split between multiple witnesses, to set forth the matters on which that person will testify at least two business days before the deposition.

## DEFINITIONS

A. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

B. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

C. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

D. As used herein, "referring," "relating," or "related" to any given subject shall mean, without limitation, identifying, describing, discussing, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, referring directly or indirectly to, in any way, the particular subject matter identified.

E. As used herein, the term "Documents" has the same meaning as the term "document" as used and defined in Rule 34 of the Federal Rules of Civil Procedure and therefore includes, without limitation, electronic data and tangible things such as hard drives, back-up disks, and back-up tapes.

F. "This Lawsuit" as used herein means *Eidos Communications, LLC and Message Routes, LLC v. Skype Technologies S.A and Skype, Incorporated*, C.A. No. 09-234 (SLR), United States District Court, District of Delaware.

G. "Plaintiffs" as used herein means plaintiffs Eidos Communications, LLC and Message Routes, LLC, their predecessors, successors, acquisitions, all past and present

parents, subsidiaries, and divisions of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants or attorneys) of any of the foregoing.

    H. "Patents-in-Suit" as used herein means U.S. Patent Nos. 7,221,744; 7,221,745; and 7,224,779.

    I. "Related Patents" as used herein means any patent or patent application to which one or more Patents-in-Suit claims priority, any patent or patent application claiming priority to one or more of the Patents-in-Suit or the patents or patent applications to which they claim priority, any reexamination certificate(s) issuing from the foregoing, all foreign counterpart patents or patent applications to any of the foregoing, and any other patent or patent application, U.S. or foreign, in the chain of patents and patent applications that includes one or more of the Patents-in-Suit.

    J. "Named Inventor" as used herein means Paul Finnigan, the inventor named on the face of each of the Patents-in-Suit, including any companies, entities that are or have been owned or are owned by Paul Finnigan, including Finnigan USA LLC.

    K. "Relevant Products and Technologies" as used herein, refers to (a) technologies, products, systems, hardware, software, and/or services developed prior to September 2003 by Envoy Global, Inc., Apogee 2000, Inc., WorldVoice, Inc., WorldVoice Licensing, Inc., Eidos Communications LLC, and/or Message Routes, LLC relating to message and information filtering and control, spam filtering, message blocking, message forwarding, and other forms of message management and control including without limitation the Apogee 2000 network, systems, technologies, products, hardware, software and/or services and any systems, technologies, products, and/or services that practice or embody the inventions described in

United States Patent Nos. 7,221,744, 7,221,745, and 7,224,779, and (b) all products and technology developed by the Named Inventor or FUSA for Envoy Global, Apogee 2000, WorldVoice, or WorldVoice Licensing.

    L. "Eidos" as used herein means Eidos Communications LLC, its predecessors and successors, past and present parents, divisions, subsidiaries, affiliates, and related companies (including without limitation Envoy Global, Inc., Apogee 2000, Inc., WorldVoice, Inc., and WorldVoice Licensing, Inc.), and all past and present directors, officers, employees, agents, consultants, attorneys, and others purporting to act on its behalf (including without limitation Paul Finnigan, Vincent Sedmak, Stayko Staykov, and Scott Closner).

    M. "Apogee 2000" as used herein means Apogee 2000, Inc. and any predecessors or successors to Apogee 2000, Inc., any companies, entities or people that own or are owned by all or any portion of Apogee 2000, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Bruce Frydenlund, Mark McIlvane, and Vincent Sedmak.

    N. "Envoy Global" as used herein means Envoy Global, Inc. and any predecessors or successors to Envoy Global, Inc., any companies, entities or people that own or are owned by all or any portion of Envoy Global, Inc., and any owners, employees, or other personnel of any of these entities including without limitation including without limitation Bruce Frydenlund and Mark McIlvane.

    O. "FUSA" as used herein means Finnigan USA LLC and any predecessors or successors to FUSA, any companies, entities or people that own or are owned by all or any portion of FUSA, and any owners, employees, or other personnel of any of these entities including without limitation, Paul Finnigan and Suzanne Ely.

P.  "Message Routes" as used herein means Message Routes LLC, its predecessors and successors, past and present parents, divisions, subsidiaries, affiliates, and related companies (including without limitation Envoy Global, Inc., Apogee 2000, Inc., WorldVoice, Inc., and WorldVoice Licensing, Inc.), and all past and present directors, officers, employees, agents, consultants, attorneys, and others purporting to act on its behalf (including without limitation Paul Finnigan, Vincent Sedmak, Stayko Staykov, and Scott Closner).

Q.  "WorldVoice" as used herein means WorldVoice, Inc. and any predecessors or successors to WorldVoice, Inc. (including Apogee 2000, Inc.), any companies, entities or people that own or are owned by all or any portion of WorldVoice, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

R.  "WorldVoice Licensing" as used herein means WorldVoice Licensing, Inc. and any predecessors or successors to WorldVoice Licensing, Inc. (including Apogee 2000, Inc.), any companies, entities or people that own or are owned by all or any portion of WorldVoice Licensing, Inc., and any owners, employees, or other personnel of any of these entities including without limitation Vincent Sedmak, Stayko Staykov, and Scott Closner.

**SUBJECTS**

7.  All facts and circumstances (including the content of Documents) relating to the corporate structure and ownership of Plaintiffs and any affiliated entities, including without limitation Envoy Global, Inc., Apogee 2000, Inc., WorldVoice, Inc., and WorldVoice Licensing, Inc.

8.  All facts and circumstances (including the content of Documents) relating to the business and business plans of Plaintiffs and any affiliated entities, including without

limitation Envoy Global, Inc., Apogee 2000, Inc., WorldVoice, Inc., and WorldVoice Licensing, Inc.

9. All facts and circumstances (including the content of Documents) relating to the Relevant Products and Technology, and the facts and circumstances and the content of Documents relating to the identity of all such products and technology, the market for all such products and technology, and the licensing and revenue for all such products and technology.

10. All facts and circumstances (including the content of Documents) relating to the identity and location of all persons or entities with a financial stake or other interest in This Lawsuit, including all facts and circumstances relating to the nature and extent of any such financial stake or other interest in This Litigation.

11. All facts and circumstances (including the content of Documents) relating to Plaintiffs' solicitation of investment income based on the Patents-in-Suit or the technology claimed in the Patents-in-Suit, including but not limited to presentations to angel investors, venture capital firms, or other investors.

12. All facts and circumstances (including the content of Documents) relating to the research and development that led to the alleged inventions claimed in the Patents-in-Suit.

13. All facts and circumstances (including the content of Documents) relating to the personnel involved in the research and development that led to the Patents-in-Suit, including without the limitation the role and responsibilities of each such person.

14. All facts and circumstances (including the content of Documents) relating to any agreements, or draft agreements, between the Named Inventor/FUSA and Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, and/or Message Routes, including all employment agreements, contracts, termination agreements, statements of work, and invoices.

15. All facts and circumstances (including the content of Documents) relating to the ownership, assignment, or transfer of any right, title, or interest in the Patents-In-Suit or any Related Patents, including without limitation any related agreements, draft agreements, or correspondence between the Named Inventor/FUSA and Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, and/or Message Routes.

16. The identity of persons, departments, groups, or entities who have knowledge about the research, design, development, testing, configuration, manufacture, assembly, operation, use, performance, or engineering of the Relevant Products and Technologies.

17. The identity, features, function, structure, and operation of the Relevant Products and Technologies.

18. The identity and description of all versions of the Relevant Products and Technologies.

19. All facts and circumstances (including the content of Documents) relating to the features, functionality, structure, testing, configuration, manufacture, assembly, use, performance, engineering or operation of the Relevant Products and Technologies, including without limitation the facts and circumstances and content of Documents such as manuals, user guides, articles, instructions, help files, source code, training materials, presentations, drawings, specifications, white papers, and the like.

20. All facts and circumstances (including the content of Documents) relating to the research, design, development, testing, configuration, manufacture, assembly, operation, use, performance, or engineering of any prototype relating to the Relevant Products and Technologies.

21. All facts and circumstances (including the content of Documents) relating to partnerships and other business relationships related to the design and development of the Relevant Products and Technologies, including without limitation documents relating to any affiliate agreements with service providers in the United States, correspondent agreements with any service providers in Europe and the Pacific Rim, and any documents related to agreements with Comverse Technology, Inc. and Magellan Communications, Inc.

22. The identity of persons, departments, groups, or entities that have knowledge about the marketing, sales, offers for sale, distribution, promotion, and advertising of the Relevant Products and Technologies.

23. All facts and circumstances (including the content of Documents) relating to the marketing or promotion of any of the Relevant Products and Technologies, including without limitation all advertisements, brochures, trade show materials, presentations, specifications and all other promotional material relating to the Relevant Products and Technologies.

24. All facts and circumstances (including the content of Documents) relating to Plaintiffs' activities related to standards organizations with respect to the Patents-in-Suit, including but not limited to the Voice Mail Associations of America and Europe.

25. All facts and circumstances (including the content of Documents) relating to the prosecution of the Patents-in-Suit and any Related Patents.

26. All facts and circumstances (including the content of Documents) relating to the Patents-In-Suit and any Related Patents, including without limitation file histories, prior art, and documents and things for that were used in the prosecution of the Patents-In-Suit and any Related Patents.

27. All facts and circumstances (including the content of Documents) relating to any perceived utility and/or any perceived advantages over the previously existing modes or devices in the field of the patent that Envoy Global, Inc., Apogee 2000, Inc., WorldVoice, Inc., WorldVoice Licensing, Inc., Eidos, and/or MessageRoutes ever advised third parties or believed to exist with respect to the alleged inventions claimed in the Patents-in-Suit.

28. All facts and circumstances (including the content of Documents) relating to prior art known to Plaintiffs or the inventors named on the Patents-in-Suit, including but not limited to all patents, publications, or other materials or events that anyone has suggested or stated are or may be prior art, including presentations made, and materials submitted to, the Voice Mail Association of Europe, Comverse Technology, Inc., Magellan Communications, Inc., Voicemail International, Voice Technologies Group, PALM Associates, Inc., Voice Technology Group, and Octel Communications Corp.

29. All facts and circumstances (including the content of Documents) relating to the publication, public use or public demonstration of any of the Relevant Products and Technologies, including without limitation any presentations, specifications or other documents relating to presentations made, and materials submitted to, the Voice Mail Association of Europe, Comverse Technology, Inc., Magellan Communications, Inc., Voicemail International, Voice Technologies Group, PALM Associates, Inc., Voice Technology Group, and Octel Communications Corp.

30. All facts and circumstances (including the content of Documents) relating to the sales or offers for sale of any of the Relevant Products and Technologies, including without limitation documents identifying any of the customers of Envoy, Apogee, WorldVoice, WorldVoice Licensing, Eidos, and Message Routes.

31. All facts and circumstances (including the content of Documents) relating to the making or use of the Relevant Products and Technologies by Envoy, Apogee 2000, WorldVoice, WorldVoice Licensing, Eidos, Message Routes, or any other party.

32. All facts and circumstances (including the content of Documents) relating to the commercialization and profitability of products embodying the Patents-in-Suit or any Related Patents.

33. All facts and circumstances (including the content of Documents) relating to the licensing of, or attempts to license, the Patents-in-Suit or any Related Patents.

34. All facts and circumstances (including the content of Documents) relating to any studies, analyses, evaluations, opinions, and communications with third parties concerning the valuation of any embodying products or other implementations of the claims of the Patents-in-Suit or any Related Patents, including but not limited to any evaluation of expected return on investment(s) made.

35. All revenue attributable in any way to the Patents-in-Suit or the technology claimed in the Patents-in-Suit, including but not limited to revenues from sales of products embodying the Patents-in-Suit, license revenues, and investment income.

36. All facts and circumstances (including the content of Documents) relating to Plaintiffs' decision not to file This Lawsuit prior to April 7, 2009

37. All facts and circumstances (including the content of Documents) relating to Plaintiffs' first awareness of any Skype product or any Skype entity, including without limitation Skype Technologies, SA and Skype, Inc.

38. All facts and circumstances (including the content of Documents) relating to the prosecution of the Patents-in-Suit, including without limitation Plaintiffs' decision not to

file the applications that issued as the Patents-in-Suit prior to the filing dates listed on the face of each of the Patents-in-Suit and the content of and basis for responses to office actions, amendments, and other documents filed with the Patent Office during prosecution of the Patents-in-Suit.

39. All facts and circumstances (including the content of Documents) relating to the first sale of the any product, system, or technology that practices or incorporates any alleged invention claimed the Patents-in-Suit.

40. All facts and circumstances (including the content of Documents) relating to the first public disclosure of the subject matter claimed in the Patents-in-Suit

41. All facts and circumstances (including the content of Documents) relating to the first written description of the alleged inventions claimed in the Patents-in-Suit.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Defendants Skype Technologies, SA and Skype, Incorporated*

OF COUNSEL:

Douglas E. Lumish
Jeffrey G. Homrig
Joseph B. Shear
Parker C. Ankrum
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065

March 21, 2012
5820193.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 21, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Gaspare J. Bono, Esquire<br>Song K. Jung, Esquire<br>Rel S. Ambrozy, Esquire<br>MCKENNA LONG & ALDRIGE LLP<br>1900 K Street, NW<br>Washington, DC 20006 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)